Miles *v.* Douglas.

———————

LAURINDA P. MILES *vs.* REUBEN DOUGLAS.

Dower in a dwelling house was set out as follows : " The west room and bed-room adjoining on the lower floor, the north-east chamber on the second floor, and one-third part of the garret, in the main building; privilege in the attic of

the L part; privilege in the cellar, and in the yard and sheds; privilege to pass and repass to the above rooms and the well, as is most convenient." Held,

1. That the privilege of passing and repassing included a right of passing to and from the public street.

2. That the expression, "as is most convenient," meant the convenience of the tenant in dower.

3. That if the way to the street through a certain front door was the one commonly used by her, and the most convenient, and she was prevented from using it by the wrongful act of the owner in reversion, then if she attempted to go out through another door, which was the next most convenient, the owner in reversion had no right to prevent her.

The defendant, the owner in reversion, requested the court to charge the jury that, if the plaintiff was confined to one route to and from the street, as she had refused to designate or agree on that route, he had a right to select it for her, and as he had selected a passage way from the west door to the street that was her only lawful way. Held that this request assumed facts to exist which the jury only could decide, and that the court was not bound to regard it.

ASSAULT AND BATTERY, brought to the superior court in New Haven county, and tried to the jury before *Loomis J.* The jury returned a verdict for the plaintiff, and the defendant moved for a new trial for error in the charge of the court. The points of law involved in the case will be sufficiently understood from the opinion of the court, without a statement of the facts, which would occupy much space and could not be well understood without a plan of the premises.

*Bronson* and *H. Stoddard,* in support of the motion.

*Wright,* contra.

PARK. J. The principal controversy in this case arises upon the construction to be given to the phrase, "privilege to pass and repass to the above rooms, and the well, as is most convenient," in the set-out of dower to the plaintiff. The defendant contends that this expression refers entirely to the house itself, and the passing and repassing of the plaintiff to and from the several rooms in the house and its appurtenances. The court charged the jury that this expression was not confined to the house, but had reference also to the passing of the plaintiff to the public street. We think the charge is correct. The language of the distribution is as much in harmony with the construction given by the court,

Miles *v.* Douglas.

as it is with that claimed by the defendant, for it is silent as to the place from whence the plaintiff shall have the right to pass to her rooms. It is ambiguous in this respect, and when we take into consideration that it was as important to the plaintiff to have a pass-way to the street as it was to have one from one of her rooms to another, we can have no doubt that such construction was intended to be given to the expression. It would be remarkable indeed if the distributors intended to leave the plaintiff dependent upon necessity for a passway to the street, when they particularly defined her rights in the house and its appurtenances, and saw fit to provide a way as far as her convenience required in every other respect.

The court further instructed the jury, that the phrase, " as is most convenient," had reference solely to the convenience of the plaintiff. We see no error in this instruction. The distribution says that the plaintiff shall have the right to pass and repass to the rooms particularly described, " as is most convenient." Convenient to whom ? Manifestly to the person to whom the right of passage is given. No other person is mentioned, or referred to. The minds of the distributors are occupied in defining her rights. The first part of the clause gives her the right of passage ; and the latter part, " as is most convenient," merely defines the way set out to her.

The defendant further claimed, and requested the court to charge the jury, " that if the plaintiff by the grant was confined to one route from her west room to the street, as she had persistently refused to designate that route or agree with the defendant in its selection, the defendant, being the owner of the house and land, had a right to select one for her, having reference to the terms of the grant; and that as the defendant indicated to the plaintiff that her proper route was through the west door of her room to the street, that was her only legitimate passage." Nothing appears in the motion of the defendant requiring the court to comply with this request. It does not appear that the defendant offered any evidence on the trial that the plaintiff had, at any time, refused to designate a route from her room to the street. She offered evi-

dence to prove that she had selected the two front passage ways from the house to the street, and had been accustomed to use them for a long period of time, in which use the defendant had acquiesced. The defendant merely denied that the plaintiff had proved these facts to the extent claimed by her. This is all there is on the subject. Hence this proposition is a speculative one, so far as the motion exhibits any necessity for deciding it. Again, this request takes from the jury the consideration of the facts stated therein, and assumes them proved, and calls upon the court to say to the jury, as matter of law, that the plaintiff's only legitimate way from her west room to the street, was the west passage-way leading from the house. Obviously, the court could not comply with this request, and it is unnecessary, therefore, to decide whether the proposition is otherwise sound or not.

We come now to the principal question in the case, which arises upon the following charge of the court to the jury—" If the jury shall find that the way from the west room to the street, through the front door of the main part, had been commonly used by the plaintiff, and was the most convenient way, and that on this occasion the plaintiff intended to go from the west room to the street by that way, and was prevented from so doing by the wrongful act of the defendant in locking the door and taking away the key, then if the jury shall find that the way through the front door of the L part was the next most convenient way for the plaintiff to reach the street, the court instructs the jury that the defendant in such case had no right to prevent the plaintiff from going that way, and it will be their duty to return a verdict for the plaintiff." The claim of the defendant upon this question is quite extraordinary. The plaintiff was in the house where she had a right to be. She had a right of way leading from the house to the public street. She desired to leave the house and attempted to go that way, but was prevented by the defendant. She then made an effort to reach the street by the next most convenient way; but the defendant resisted her by force, and committed violence to her person in order to prevent her; and now claims that he was justified in so doing. If the defendant was justi-

fied in resorting to violence of course he would be justified in carrying his resistance to any extent reasonably necessary to prevent her escape by the L door. And the same principle would apply to every other way leading from the house to the street, except the one granted to her. If this claim is law, the plaintiff's only alternative was, either to overcome the opposition of the defendant, and force a passage along the way she had a right to go, or submit quietly to her imprisonment. How far would the defendant carry his doctrine? Must the plaintiff die of starvation? It is a mockery to say that she had a right of action against the defendant for obstructing her way, and she must resort to that for redress. What is a right of action worth to a party in close confinement, deprived of all means to put the machinery of the law into operation? Suppose the house is on fire, is the defendant prepared to say that the plaintiff must perish in the flames? It is said that the defendant gave the plaintiff liberty to go the back way to the street, but such license could have been revoked the moment after it was given, and the plaintiff resisted in going that way to the street, as well as in the way by the L door. It is evident that the defendant's claim is not law. A party is presumed to intend what is the direct and natural consequence of what he does. The defendant locked the front door of the house for the purpose of preventing the plaintiff from going that way to the street. He thereby unlawfully imprisoned her. Such imprisonment included an assault, and where that is the case, whatever is reasonably necessary to be done to prevent a continuance of the wrong, may be done by the party assailed. Hence, where an individual makes use of his property as a means to inflict such wrong upon another, he thereby subjects such property to injury to the same extent that he does his person in common cases of assaults. The plaintiff then had a right to regain her freedom by the L door, and the defendant had no right to prevent her, so long as he continued to obstruct her way to the street by the other door.

There is nothing in the case of *Williams* v. *Safford*, 7 Barb., 309, that conflicts with the view we have taken of this

case.    Personal liberty was not involved in that case, as it is in the case at bar.

A new trial is not advised.

In this opinion the other judges concurred.