## ANTHONY R. CAMPO
vs.
## STATE DEPARTMENT OF HEALTH

Superior Court    New Haven County    File #33340

Present: Hon. JOHN RUFUS BOOTH, Judge.

W. F. D. Kilpatrick,    Attorney for the Appellant.

Harry L. Brooks, Asst. Atty-Gen., Attorney for the Appellee.

**MEMORANDUM FILED MARCH 12, 1935.**

BOOTH (JOHN RUFUS), J. The action is based upon Section 5710 of the General Statutes and is a petition for a new trial. According to the petition and the amendment thereto the plaintiff makes two claims concerning his prayer

for relief. First, that the evidence offered upon the issue of fraud involved in the former trial was insufficient to justify a finding thereof against the plaintiff. Second: that since the former trial he discovered evidence concerning the status of the St. Louis College of Physicians and Surgeons favorable to his side of one of the issues in the controversy.

Although the first claim may form a basis for the relief sought in a proper case and had the petitioner not presented to the Court the evidence taken at the former trial, which he now claims fails to support the conclusion rendered therein, the breadth of the allegation that there was no support in the evidence for the finding of fraud might have made his complaint good against demurrer. The evidence is here, however, and the question can therefore be tested as a matter of law on the demurrer.

An examination of the evidence offered at the former hearing certainly discloses a legal basis for the conclusion reached by the trial court which was not successfully disturbed upon appeal. The complaint, therefore, fails to state an adequate claim upon this ground for a new trial.

The claim based upon newly discovered evidence is also fatally defective in so far as the allegations of the complaint are concerned. It is not set forth that the plaintiff's failure to discover this evidence was not due to his own neglect, nor is it alleged that he exercised due diligence to make such discovery before the former trial. In addition the new evidence could certainly not alter the result arrived at by the Court in the former trial. For these reasons alone a new trial could not be granted for newly discovered evidence. In view of these conclusions it is unnecessary to discuss the other defects in the complaint.

For the reasons set forth above the demurrer is sustained.