ELLSWORTH E. BOISELLE ET AL. *v.* MAX ROGOFF ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 4—decided May 8, 1940.

*Samuel M. Gruskin* and *Francis F. McGuire,* with whom, on the brief, were *Frank L. McGuire* and *George C. Morgan,* for the appellant-appellees (defendants).

*Arthur T. Keefe,* with whom was *Douglas A. Anello,* for the appellant-appellee (named plaintiff).

*Frank E. Dully,* for the appellant-appellee (plaintiff Southern New England Contractors' Supply Company).

Brown, J. This action was brought by the named plaintiff, referred to in this opinion as the plaintiff, against the named defendant, herein referred to as the defendant, and his wife. The plaintiff Southern New England Contractors' Supply Company intervened as the plaintiff's employer which had paid compensation. We consider first the defendant's appeal from the denial of his motion to set aside the verdict for the plaintiffs and also from the judgment in their favor.

On November 24, 1936, the defendant was the pro-

prietor of a gasoline service station in New London and engaged in repairing and mounting automobile truck tires on rims. The plaintiff as an employee of the plaintiff company called that day at the defendant's station to get a heavy truck tire and rim previously left there by the company's employee Buffington to have the tire dismounted, repaired and reassembled on the rim. When the tire was first left and was dismounted the rim was found to be defective, and was taken back to the plaintiff company's place of business. Subsequently it was returned to that of the defendant, and the tire was repaired by him. On the morning of the accident, after the defendant's employee Parker had inflated the reassembled tire on the rim to sixty-five pounds pressure, the defendant in response to the plaintiff's request to help load it onto his truck, was handling the tire in examining it, when suddenly the lock ring flew off and the tube exploded. The ring struck the plaintiff, causing serious injuries. These facts were undisputed.

The plaintiff's material claims of proof were further that: after the torque lug of the rim was found broken upon dismounting the tire, this defect was remedied and three cracks in the rim discovered by an employee of the company at its place of business, were welded by him, restoring it to good condition; he then returned it to the defendant's station; on the morning of the accident when the plaintiff called for the tire, on the defendant's orders Parker assembled it with the ring on the rim and inflated it; and at that time the tire was not properly mounted and the ring was not securely in place. The material claims of the defendant were that: upon discovering that the rim was defective and unfit for use he discarded it, and forbade Buffington's taking it back to the company's shop lest an attempt be made to repair it and someone

be killed in using it again; on the morning of the accident the plaintiff brought the rim and ring to the defendant's place, himself mounted the tire and tube on the rim and inflated the tire with about ten pounds of air; thereupon at his request Parker inspected it, found it was properly mounted and inflated it to sixty-five pounds pressure, this pressure conclusively indicating that the tire had been properly mounted; Parker was in the exercise of due care in the doing of all his work on the tire and rim; the accident was due to defects in the rim and not to anything done by the defendant or Parker; and immediately after the accident, the locking edge of the rim was found to have given way close to the permanent split in it. By their answer to the first interrogatory the jury found that the tire was mounted and the lock ring put in place by either the defendant or his employee.

The question for decision determinative of the defendant's appeal from the judgment, is whether the court erred in charging the jury that they could find that the use by the defendant of a defective rim constituted negligence for which the plaintiffs could recover. This instruction was unwarranted unless the complaint contained allegations that the defendant was negligent in this respect, and unless the plaintiffs offered evidence to prove and claimed to have proved it. The defendant's negligence as a ground of recovery is limited by the specifications in the complaints to: (1) "negligently . . . causing . . . and allowing compressed air to flow into . . . said tire to an amount and to a greater pressure than said tire could withstand, with the lock rim improperly and inadequately fastened in place"; (2) that he "negligently . . . placed the rim upon said tire without securely locking and fastening the same"; and (3) "in failing to warn the plaintiff of the attendant danger to which he had

subjected him by attempting to deliver a tire inflated to such a degree that its pressure could not be controlled by the careless and negligent manner in which the rim had been placed on said tire." Mounting and inflating the tire without properly fastening the lock rim in place, and failing to warn the plaintiff of the danger therefrom, is the extent of the defendant's negligence thus alleged in the complaint. No allegation or even suggestion of negligence in using a defective rim is to be found in it.

The finding makes equally clear that the plaintiffs offered no evidence upon, and made no claim to have proved this as actionable negligence. With regard thereto the charge must be tested by the finding alone. *Krowka* v. *Colt Patent Fire Arm Mfg. Co.,* 125 Conn. 705, 711, 8 Atl. (2d) 5. The only negligence which the plaintiffs claimed to have proved was that "the tire was not properly mounted and the ring, the purpose of which was to keep the tire on the main part of the rim, was not adequately and securely put in place." Negligence in using a defective rim as a ground of recovery is specifically negatived by the plaintiff's further express claim of proof that the rim when the defendant applied the tire to it "was in good, strong and serviceable condition," of which the additional claim that after the accident, a tire was mounted "on it with a pressure of about one hundred pounds," and it was used "thereafter for about seven thousand miles," suggests corroboration.

The court in its charge, after explaining that to inflate and mount the tire without seeing to it that the locking device was in place and securely fastened, and to fail to warn the plaintiff of the danger therefrom, would constitute actionable negligence, which "is the principal theory upon which he claims the right to recover," further charged: "the plaintiff goes

on to claim, and it is within the limits of his complaint and within the limits of the proof which he has offered here and upon which he relies, even if the accident was caused by a rim which was defective by reason of the fact that it had been fractured or damaged and thereafter been welded, and that did not make it a safe rim, . . . there might still be liability on the part of Rogoff . . . provided that you find . . . that there was negligence on the part of Parker, who was an employee of Rogoff, in inflating the tire, if you should find that a person of reasonable prudence would have been put upon notice that it was a discarded and unsafe rim, and that the reasonably prudent person would not have put air in it, because if there was such a duty upon the part of Parker, that duty became the duty of his employer, Mr. Rogoff. . . . and if you find that the ordinarily prudent man in Rogoff's position would have taken the opportunity to have inspected the same and thereby would have found that the rim was defective, then it would have been negligence on the part of Rogoff not to have taken that precaution." This instruction that the plaintiff might recover upon the ground of the defendant's negligence in using a defective rim, further emphasized by the court's subsequent reference to the "two theories" of recovery it had "expounded," constitutes under the circumstances of this case reversible error, since it submitted as a basis of recovery an issue not raised by the pleadings and contrary to the claims of proof of the plaintiff and the theory upon which the case was tried. *Kilday* v. *Voltz,* 117 Conn. 170, 173, 166 Atl. 754, and cases cited. Submitting to the jury, as this instruction did, a ground for liability neither embraced within these claims nor any part of the theory upon which the case had been contested, it was calculated to prejudice the defendant's rights and requires a new trial. *Kulinski*

v. *Savin*, 125 Conn. 512, 514, 7 Atl. (2d) 436. His claims of proof that the cause of the accident was the defective rim and not anything done by him, though a proper matter of defense, could in no way serve to enlarge the cause of action which the plaintiffs had alleged and claimed to prove. See *Frogge* v. *Shugrue*, 126 Conn. 608, 13 Atl. (2d) 503. The same holds true of certain claims of proof by the defendant concerning the danger of using a split rim, the difficulty in discovering such a defect, and lack of notice that the rim used was the one he had discarded.

The other errors assigned in the charge, pursued on the defendant's brief, are not of a nature likely to be involved in a retrial of the case, and require no comment. The same is true of the claimed error in the submission of interrogatories. The issue of fraudulent conveyance by the defendant was not presented to the jury for decision, but was subsequently tried to the court. The court, however, submitted to the jury the entire complaint, including the allegations of these claimed fraudulent conveyances, with the instruction this is "for you to use in your consideration." This should not have been done. These allegations stated no part of the cause of action before the jury for determination, were not in evidence, and their content was potentially prejudicial to the defendant. At the very least the court should have cautioned the jury to disregard these allegations of fraud; the better course would have been to have submitted copies of the complaints with these paragraphs omitted. However, the defendant, not having called the matter to the attention of the court, is hardly in a position to claim error in this regard. Our conclusion that there was reversible error in the court's charge renders consideration of the defendant's appeal from the denial of his motion to set aside the verdict unnecessary.

The plaintiff's appeal from the judgment for the defendants on the issue of fraudulent conveyance attacks the court's finding and conclusions. On November 24, 1936, when the accident occurred, the defendant owned the premises on Broad Street where he conducted his filling station, and also another property on Ledyard Street in New London. On October 6, 1937, he conveyed all of his interest in these properties to the defendant Amy, his wife, by deeds which were recorded October 8, 1937. On November 24, 1936, the value of the former property was $6800. It was subject to one mortgage of $2000 and to another of $1400. The value of the latter property was $5400, and it was subject to a $4000 mortgage. On May 1, 1937, the defendant paid the $1400 mortgage, and on July 1, 1937, the $4000 mortgage. For some years prior to the transfer of the properties the defendant Amy rendered valuable services to the defendant in helping conduct the business. When she was unable to do this work from November, 1936, to April, 1937, the defendant was obliged to pay a substitute $20 per week for doing it. At the time the defendant made the transfers, he neither knew nor had reason to know that the plaintiff contemplated bringing suit against him. After the accident the defendant continued his business and made almost daily bank deposits in his own name; and at the time of the transfers was solvent and had sufficient other assets to satisfy the plaintiff's claim. On November 22, 1937, when this action was brought, the value of the defendant's attachable property exceeded the amount of the judgment later rendered for the plaintiffs. The defendant Amy executed an officer's receipt for $2500 for personal property of the defendant attached herein. Injuries suffered by the defendant in the accident created in him a desire to provide for his family

against the possibility of future accidents. Prior to the accident the defendants had discussed the making of these transfers in .consideration of the help the defendant Amy had rendered in the business.

The plaintiffs do not challenge these subordinate facts found, but do contend that the court erred in finding certain additional facts, and in refusing to find other facts contained in their draft-finding. While the plaintiffs are entitled to a correction of the finding as to some relevant facts, it is unnecessary to discuss the corrections in detail. The burden of proof that these conveyances were fraudulent was upon the plaintiffs. That would require that they prove either that the conveyances were made without any substantial consideration and, when made, rendered Rogoff unable to pay his then existing debts, or that they were made with a fraudulent intent in which Mrs. Rogoff participated. *Dombron* v. *Rogozinski*, 120 Conn. 245, 247, 180 Atl. 453. If we assume that the trial court was wrong in finding that there was an indebtedness from the defendant to his wife so that the conveyances are to be regarded as voluntary, there is no finding, nor was the court requested to find, that those conveyances rendered the defendant unable to pay his debts existing at the time they were made. If, on the other hand, we assume that the conveyances were upon a valuable consideration, the trial court's finding that they were not made with intent to defraud must stand; other considerations aside, the unquestioned finding that the defendant neither knew nor had reason to know when the conveyances were made that the plaintiff contemplated bringing suit against him, would go far to sustain its conclusion. Even if the plaintiffs were entitled to have the finding corrected to state that the deeds were never delivered to the defendant Amy Rogoff, this would afford them

no ground for relief because in the complaint they do not seek to have the deeds set aside upon the ground that there was no delivery, and in fact base their right to relief upon the ground that the properties were conveyed to her but that the conveyances were fraudulent. The court did not err in entering judgment for the defendants upon the issue of fraudulent conveyance.

Near the close of the hearing the court denied the plaintiff's motion for permission to amend their writ and complaint by adding the defendants' three minor sons as parties and alleging that $3000 of the defendant's bank deposits was transferred to them in fraud of the plaintiffs. Even if it were held that the motion should have been granted the plaintiffs were not prejudiced by its denial, since the record shows that this issue of the transfers to the sons was actually tried out and was determined against the plaintiffs by the court's express finding that there was no fraud in the transaction.

There is no error on the plaintiff's appeal. There is error on the defendant's appeal and a new trial is ordered of the cause of action against him for damages.

In this opinion the other judges concurred.