THE PEERLESS MANUFACTURING COMPANY *v.* WILLIAM E. GOEHRING ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 3—decided June 8, 1944.

*Richard H. Ireland,* for the appellant (defendant Olive Goehring).

*J. Richard Fay,* for the appellee (plaintiff).

DICKENSON, J. The plaintiff brought this action to recover a debt owed to it by the named defendant and to set aside as fraudulent a conveyance of real estate made by him to his wife, the other defendant. Judgment was rendered against the husband, William E. Goehring, by default and against the defendant Olive Goehring upon the trial of the case. She has appealed. Since our determination of the claimed error in the court's conclusion that both defendants participated in the conveyance with fraudulent intent is decisive of the appeal, we confine our discussion to that issue.

The facts material to that issue, with such corrections of the finding as the defendant is entitled to, are as follows: The defendant William had a running account with the plaintiff for material purchased. His credit was stopped when he failed to pay $466.76 due on his December, 1939, account. In February, 1940, he conveyed title to the only real estate he owned to his wife. The transfer arose out of the following circumstances. William was threatened with litigation for patent infringements and believed his property would be attached. He informed his wife of this and she suggested that he transfer the real estate to her, to which he agreed. She had a deed of the property drawn and he executed it conveying the title to her with no return consideration. By making the transfer his assets were reduced to a small amount of personal property. The transfer was made with the intent, entertained by both defendants, to avoid attachment of the property. Olive had originally owned the property but had deeded it to William as a gift in 1937.

The complaint in the action is framed to rely on General Statutes, § 5984. This provides that "All fraudulent conveyances . . . made or contrived with intent to avoid any debt . . . shall, notwithstanding any pretended consideration therefor, be void as against

those persons only . . . to whom such debt . . . belongs." The defendant Olive does not claim that there was a valuable consideration for the conveyance but only a good consideration arising out of the original purchase of the property by her, its transfer to the defendant and subsequent relations between them. In *Trumbull* v. *Hewitt,* 65 Conn. 60, 73, 31 Atl. 492, we said, in a similar situation, "It is not enough that she purchased the land innocently, unless she also gave a valuable consideration for it; and it is not enough that she gave such consideration for it, unless she also purchased innocently." And see *Mathews* v. *Converse,* 83 Conn. 511, 513, 77 Atl. 961. In the instant case it appears that Olive neither gave a valuable consideration for the property nor purchased it innocently. The transfer was voidable at the instance of a proper party. *D'Addario* v. *Abbott,* 128 Conn. 506, 509, 510, 24 Atl. (2d) 245; *Boiselle* v. *Rogoff,* 126 Conn. 635, 643, 13 Atl. (2d) 753.

The plaintiff was such a party. That the conveyance was not made with the specific intent of placing it beyond the reach of the plaintiff does not prevent its being held fraudulent. We early held in interpreting the statute that, since every person is conclusively presumed to intend the natural and necessary consequences of his acts, if he makes a fraudulent conveyance with specific intent to avoid the debt of one with the necessary effect of avoiding it as to another, the conveyance is within the statute as to the latter debt as well. *Allen* v. *Rundle,* 50 Conn. 9, 31; *Wilcox* v. *Johnson,* 127 Conn. 539, 542, 18 Atl. (2d) 372.

The defendant Olive claims that the evidence discloses that her husband entertained a hatred for her and wilfully perverted the truth in his testimony. Her own testimony agrees with his in material respects as to the transfer, and in any event the question was

one of credibility for the trial court. The defendant Olive makes the further claim that the plaintiff could not object to the conveyance unless it relied upon title to the real estate in William when it extended him credit. A sufficient answer to this claim is that the trial court, on ample evidence, found such reliance.

There is no error.

In this opinion the other judges concurred.