GENEVA F. BOSWORTH *v.* BURTON D. BOSWORTH.

MALTBIE, C. J., JENNINGS, ELLS and DICKENSON, Js.[1]

Argued October 5—decided November 30, 1944.

*Edwin M. Ryan,* for the appellant (defendant).

*Harold Zinman,* with whom was *John W. Joy,* for the appellee (plaintiff).

DICKENSON, J. The plaintiff brought this action upon the ground of intolerable cruelty. The defendant filed a cross-complaint charging the plaintiff with adultery. The trial court found the issues for the plaintiff on both complaints. The defendant has appealed, assigning error in the finding and in rulings on evidence. In view of our conclusion that there was harmful error in a ruling on evidence, we discuss that assignment alone.

---

[1] By agreement of counsel the case was argued before and decided by four judges.

In a series of questions the plaintiff was allowed, on cross-examination of the defendant, to bring out the fact that he had been married before and that his marriage had been terminated after three years by a divorce obtained by his former wife on the ground of intolerable cruelty. No objection was made to the method of proof of these facts. The ground was that the evidence was immaterial. The plaintiff expressly claimed the questions were for the purpose of showing "cruelty or tendency toward cruelty" on the part of the defendant. Baldly stated the purpose of the evidence was to prove that the defendant was guilty of intolerable cruelty to his present wife because he had been adjudged to have been guilty of such cruelty to his former wife. In *Kilpatrick* v. *Kilpatrick*, 123 Conn. 218, 193 Atl. 765, which the plaintiff cites in support of her position, evidence of this character was admitted for a different purpose. In that case the plaintiff wife, suing for divorce on the ground of intolerable cruelty, was cross-examined as to three divorce actions she had brought against a former husband, one for intolerable cruelty, one for adultery and the third and successful one on an unspecified ground in Reno, Nevada. This evidence was held admissible (p. 221) as "bearing upon the extent to which the conduct of the defendant would cause suffering on the part of the plaintiff," on the ground that her sensitiveness to mental suffering of this character was a matter of importance and the earlier actions bore upon this fact. The reason itself suggests the inapplicability of such evidence for the purpose it was offered in the instant case. Conduct intolerable to one wife might be received with indifference by another. Hence what might constitute intolerable cruelty in one case might not in another. "Intolerable cruelty has a subjective as well as an objective significance.

There must not only be proof of acts of cruelty on the part of the offending party but proof that in their cumulative effect upon the other party they are intolerable. . . ." *Kilpatrick* v. *Kilpatrick*, supra, 221; *Steinmann* v. *Steinmann*, 121 Conn. 498, 501, 186 Atl. 501.

What is of greater importance, the natural effect of such evidence was to impugn the character of the defendant both as a husband and as a witness. "In a civil action the character or reputation of a party is deemed by the law to be irrelevant in determining the merits of the controversy, although in the popular estimation few facts are as persuasive or potent as this one in weighing the claims of the respective participants in any transaction. In the eyes of the law, the inferences which might be drawn from evidence of character and reputation of the parties are too vague, uncertain and unreliable to be worthy of consideration in determining the merits, however just and reasonable such inferences may seem to the lay mind." 1 Jones, Evidence (4th Ed.), § 148. The "business of the court is to try the case and not the man." *Thompson* v. *Church*, 1 Root 312; *Humphrey* v. *Humphrey*, 7 Conn. 116, 118.

The finding of the trial court contains no recitation of the fact of the earlier divorce, and we may not know what weight it gave the evidence in its decision. We must assume, however, that the court, having ruled that the evidence was material, weighed it with the other evidence in arriving at its conclusion. *Bailey* v. *Bobecki*, 117 Conn. 653, 654, 166 Atl. 667. Clearly the evidence was not admissible and for the reasons suggested we may not say it was harmless. To hold otherwise would be to sanction the admission of the record or other evidence of earlier divorce judg-

ments, if such existed, against both parties on similar grounds to those involved in the action on trial.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.