## BEATRICE HOLMQUIST v. LOUIS A. SPINELLI

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 80526

Memorandum filed February 11, 1952.

*Philip Reich*, of Bridgeport, for the Plaintiff.
*Kenneth Zarrilli*, of Bridgeport, for the Defendant.

MURPHY, J. This suit was returned to the October, 1949, term. It was pretried by the undersigned in January, 1952, at the session devoted to pretrial by the trial judges under special assignment by the Chief Justice, Practice Book § 144. One of the purposes of pretrial is to relieve the congestion on the jury docket. A principal cause of the congestion is the large number of cases in the Superior Court which have no business there. Pretrial should be an effective means of weeding them out and channeling them into the courts of lower jurisdiction.

At the pretrial of this case it was claimed that the plaintiff sustained a small cortical fracture of the lateral margin of the right patella. Her special damages, totaling $125, consisted of a doctor's bill of $70, x-ray, $10 and one week's loss of wages, $45. No claim was made that there was any permanent disability. Despite the suggestion that the cause be transferred by stipulation to the Court of Common Pleas, counsel maintained · that the type of injury warranted its retention on the docket.

Trial commenced January 31. The plaintiff was being cross-examined at adjournment. Her story on direct examination of the limitations on her activities because of the injury was considerably shaken on cross-examination. The next morning her counsel was advised that the plaintiff's testimony and appearance confirmed the trial court's opinion that the case should not be obstructing the timely trial of cases rightfully in the Superior Court and that unless the testimony of the attending physician indicated that the value of the case was reasonably within the jurisdiction, a nonsuit would be entered.

The plaintiff was injured July 16, 1949. She was last seen by the doctor on September 21, 1949. He examined her in an anteroom in the courthouse before testifying on February 1, 1952. Based upon subjective complaints he estimated a 10 per cent disability of the leg. X-ray confirmation of the possible nonunion of the fracture was not available. While conceding that the doctor's testimony bolstered the value of the case, the court concluded the trial and entered the nonsuit. It did so, though *Crowell* v. *Palmer*, 134 Conn. 502, 505, would indicate that the rights of the plaintiff were infringed.

We are dealing here with an actual condition, not a theory. Litigants are vexed at the delays encountered in getting their cases tried. Judges and bar associations endeavor to find cures for the "ills" while at the same time the practitioners (especially

in the field of negligence) return to the Superior Court cases that by no stretch of the imagination would warrant judgments in excess of the jurisdiction of the Superior Court.

The legislature has increased the jurisdiction of the lower courts to relieve the burden upon the Superior Court. In 1930 the minimum jurisdiction in the Superior Court was $500, and between $500 and $2000 it had concurrent jurisdiction with the Court of Common Pleas. General Statutes, Rev. 1930, § 5439. In 1941, the Court of Common Pleas was given exclusive jurisdiction in matters to $2500. Sup. 1941, § 808f. In 1947 that court was given concurrent jurisdiction with the Superior Court from $2500 to $5000. Sup. 1947, § 1420i.

It is interesting to note the address given by Hon. Edward J. Quinlan at the 1939 convention of the State Bar Association. It is published in 13 Connecticut Bar Journal 233. The title was "Pre-trial Procedure." He refers (p. 235) to the fact that at that time trials could be had here within six to nine months of the return day. This case was two years and three months old when reached for trial.

Section 659a of the 1949 Supplement to the General Statutes has not been implemented by a rule to govern transfer of cases from the Superior Court to the Court of Common Pleas. I feel that the trial judge or the pretrier must have some discretion to order transfers. At the risk of abusing that discretion, I am denying the motion to set aside the nonsuit.