GENOVESE COAL AND MASON'S MATERIAL COMPANY
*v.* RIVER BEND BUILDERS, INC., ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 7—decided June 24—reargued November 6—
decided after reargument December 16, 1958

*Morgan P. Ames,* for the appellant (plaintiff).

*Monroe Silverman* and *Sydney C. Kweskin,* for the appellees (defendants).

BALDWIN, J. The plaintiff brought this action against the named defendant, which is a corporation engaged in building houses, Chester L. Syska, president of the corporation, and his wife, Agnes B. Syska. The complaint was in two counts. The first count contained, in substance, the following allegations: In September, 1953, the plaintiff instituted an action against the corporation, Chester E. Syska and Chester L. Syska to recover for materials sold and delivered to the corporation and to recover on a note of the corporation. In May, 1954, the plaintiff had a judgment against the corporation for $3823.82 for the materials and, in July, 1955, a judgment for $1014.15 on the note. Execution issued and was returned unsatisfied. The corporation, with intent to defraud the plaintiff, in the latter part of 1952 transferred certain of the materials, of the value of $1600, to Chester L. Syska, who used them in constructing a house for himself. The transfer was without consideration and was accepted by Chester L. Syska with the purpose and intent on his part of defrauding the plaintiff.

The allegations of the first count were incorporated, by reference, in a second count, which alleged, as well, that Chester L. Syska, in furtherance of the fraud, in February, 1955, quitclaimed to his wife, Agnes B. Syska, without consideration, the property in which the materials had been used and that she accepted the conveyance with knowledge of the fraud and in furtherance of it. The plaintiff claimed judgment for damages against all the defendants and that the transfer of the materials and the conveyance of the property be set aside as fraudulent.

The trial court found the following facts, which are not in dispute: The plaintiff sold building materials in 1952 to the defendant corporation, which was in the business of constructing dwelling houses in Stamford and Darien. Besides Chester L. Syska, president, its officers were his father, Chester E. Syska, secretary, and Harry Carr, treasurer. These three also controlled three other corporations, Long View Park, Inc., Chester Park, Inc., and River Bend Associates. The building materials sold by the plaintiff to the defendant corporation were delivered during 1952 to the site of a house which Chester L. Syska was building for himself upon a lot in Stamford which he had purchased on May 29, 1952, from Revonah, Inc. The materials were charged to the defendant corporation. The plaintiff carried no account in the name of Chester L. Syska and did not bill him personally for the materials. In September, 1953, the plaintiff sued the corporation to recover for materials furnished to it, including those used in the construction of Syska's house. Judgment was rendered against the corporation in May, 1954, for the materials, and in July, 1955, upon the note. Execution on the first judgment was issued and was returned unsatisfied in January, 1955. In February, 1955, Syska quitclaimed the house which he had built on the lot purchased from Revonah, Inc., to his wife, Agnes B. Syska, without consideration, as a gift.

The plaintiff could, upon its complaint, offer evidence to prove a fraudulent transfer of the materials and a fraudulent conveyance of the real estate on one or both of two theories: that the transfer of the materials and the conveyance were made with the actual intent of defrauding the plaintiff of payment, an intent in which all the parties participated; or that they were made without consideration and

rendered the corporation and Chester L. Syska insolvent. *Boiselle* v. *Rogoff*, 126 Conn. 635, 643, 13 A.2d 753; *Dombron* v. *Rogozinski*, 120 Conn. 245, 247, 180 A. 453; *Peerless Mfg. Co.* v. *Goehring*, 131 Conn. 93, 95, 38 A.2d 5. Among the several claims of error pressed by the plaintiff there is one in a finding of fact which, if valid, vitiates the judgment as to the corporation and Chester L. Syska. The trial court found that Syska had paid the corporation $3400 "in full for all labor and material supplied to him" by the corporation. The plaintiff vigorously attacks this finding as one unsupported by the evidence.

Syska did not testify at the trial. In an examination of the corporation as a judgment debtor on May 9, 1955, he was questioned at length, and the transcript of this examination was admitted as a full exhibit in the trial of this case. He testified on this examination that the materials which were furnished by the plaintiff and were used in building his house came from Chester Park, Inc., another corporation controlled by him, his father and Harry Carr, and were billed by the plaintiff to Chester Park, Inc., and not to the defendant corporation. Ledger sheets which purported to be records of the defendant corporation showed one entry of money received by it under date of August 27, 1952, in the sum of $3000, and another under date of September 12, 1952, in the amount of $400. For the $3000 item there was a corresponding deposit receipt, dated August 27, 1952, which was marked on its reverse side "[on account of] Syska house labor." Another deposit receipt, dated September 12, 1952, was for $1600 and had entered on its reverse side "400 from CLS [on account of] labor on house . . . ." This documentary evidence, taken in connection with the obviously

evasive and uncertain testimony of Syska upon the examination of the corporation as a judgment debtor, fails to support the court's finding that Syska paid the corporation for the materials which went into the house he gave to his wife. The finding and the conclusion drawn therefrom, that Syska had paid the corporation for all labor and materials, was a cogent one. It disposed of the case. The court found that the plaintiff extended credit to the corporation and not to Syska, a finding which was not challenged. Therefore, if Syska had paid the corporation, he could not be chargeable with fraud in availing himself of the credit of the corporation to acquire materials which were used by him personally and were not devoted to corporate purposes. True, the court also reached other conclusions determinative of the case, but upon this appeal we cannot say, even if the other conclusions were correct, that the court relied solely upon them in reaching its decision. We therefore cannot say that the error was harmless. *Peck* v. *Pierce,* 63 Conn. 310, 320, 28 A. 524; *Bosworth* v. *Bosworth,* 131 Conn. 389, 391, 40 A.2d 186; *State* v. *Camera,* 132 Conn. 247, 251, 43 A.2d 664.

While this error vitiates the judgment as to the corporation and Chester L. Syska, it does not do so as to Agnes B. Syska. This is because of the order in which the evidence upon which the finding purports to be based was offered and received at the trial. The plaintiff had rested its case. The defendants had then rested as to the second count only. Thereafter, the defendants offered, as to the first count only, the ledger sheets referred to heretofore, for the obvious purpose of proving payment. It is to be remembered that the first count set up a cause of action against the corporation and Chester L. Syska for fraud in the transfer by the corporation to

him of materials used by him in building his house. This count is separate and distinct from the second, which alleges a fraudulent conveyance of the house by Chester to his wife Agnes. The ledger sheets were offered in defense of Chester and not of Agnes. Consequently, an erroneous finding based upon them is not an error which can affect her. The state of the case as to her must be judged upon the evidence as it stood when the plaintiff rested and the defendants rested as to the second count. If there is no error in the case which affected the judgment as to her, the plaintiff is not entitled to have the conveyance to her set aside. However, it still might be entitled to recover damages on the first count. 1 Glenn, Fraudulent Conveyances & Preferences (Rev. Ed.) §§ 57, 74, 239. The trial court found that Agnes had no intent or purpose to hinder, delay or defraud the plaintiff and that she had no knowledge of any such intent or purpose on the part of the other defendants. It also found that, at the time the conveyance was made to her, Chester was not insolvent and that the transfer did not render him so. These findings cannot be successfully challenged. They put Agnes out of the case upon either of the two theories discussed heretofore unless there was error, as claimed by the plaintiff, in concluding that the failure of the defendants to take the witness stand did not give rise to an inference that had they done so their testimony would have been unfavorable to their cause. This rule has no application here, because the plaintiff failed to make out a prima facie case against Agnes. *Russo* v. *Dinerstein,* 138 Conn. 220, 226, 83 A.2d 222; *Halpine* v. *Halpine,* 138 Conn. 578, 580, 87 A.2d 146; *Middletown Trust Co.* v. *Bregman,* 118 Conn. 651, 657, 174 A. 67.

There is no error as to the defendant Agnes B.

Syska; as to the other defendants, there is error, **the** judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.