BEATRICE JOHNSTON *v.* WILLIAM R. JOHNSTON ET AL.

SUPERIOR COURT     NEW LONDON COUNTY     FILE No. 25090

Memorandum filed March 17, 1959

*Conway, Horwitz & Tamborra,* of Norwich, for the plaintiff.

*Gilman, Jacobson, Laudone & Dutton,* of Norwich, for the defendants.

TROLAND, J. This is an action to recover money due the plaintiff for her support by virtue of a separation agreement between the plaintiff and defendant William R. Johnston, and for equitable relief declaring a certain conveyance of an interest in land by William R. Johnston to be fraudulent and void as against the plaintiff.

The plaintiff and defendant William R. Johnston were married in October, 1933, and lived together for about nineteen years. Several months prior to September, 1952, the parties separated. The defendant indicated he desired a divorce. On September 10, 1952, they made a written agreement for a valuable consideration, settling their property rights and terms for the maintenance and support of the plaintiff, for her life, unless in the event the parties should be divorced she should remarry. Among the provisions, Johnston was required to pay the plaintiff $75 on the first day of each week and all her medical and hospital bills. Shortly thereafter the defendant William R. Johnston went to Mexico, secured a divorce there and married the defendant Bernadette C. Johnston. Thereafter, the defendant William R. Johnston complied with all the terms of the separation agreement with Beatrice Johnston until January 1, 1957.

In April, 1955, William R. Johnston and his present wife had removed to Norwich, purchased certain

land and dwelling thereon, title to which was taken in the names of William R. Johnston and Bernadette C. Johnston, in survivorship, and this property became their home. Their equity in the property was approximately $6000. In November, 1956, Johnston became unemployed. He made the weekly payments of $75 to the plaintiff, however, until January, 1957. On or about January 1, 1957, the defendant William R. Johnston notified the plaintiff that he was unemployed and that he was unable to continue to make the weekly payments to her as required by the agreement, or any payments, but that he would take care of it when he could. Thereafter, to this date, this defendant has made no payments to the plaintiff.

On March 1, 1957, the defendant William R. Johnston owned no bonds, stocks or other securities. He had a small checking account, and his principal visible asset was his interest in the land and dwelling where he lived. On said date he was indebted to the plaintiff in the amount of $600, and this indebtedness was increasing at the rate of $75 per week. The defendant Bernadette C. Johnston was aware of this debt and obligation under the agreement. On said day, without any consideration therefor, William R. Johnston gave his interest in this land to the defendant Bernadette C. Johnston. The plan of conveyance devised by the conveyancer resulted in the execution of a quitclaim deed by the defendants Johnston, without consideration, to a clerk in the conveyancer's office, followed by a quitclaim deed by said clerk, without consideration, to the defendant Bernadette C. Johnston alone. The defendant William R. Johnston continued to be unemployed for a number of months, but in 1958 was employed for about seven months, during which time he earned approximately $10,000, and during the period of such employment he made no weekly pay-

ments, nor any payment on arrearages, to the plaintiff. The defendant William R. Johnston is now indebted to the plaintiff in the amount of $8983.59.

The gift of his interest in the land described in the complaint by the defendant William R. Johnston to the defendant Bernadette C. Johnston was a device made and contrived to prevent said interest in land from being taken or holden for the satisfaction of his then indebtedness to his first wife, this plaintiff, and to avoid his debt and duty to her under the agreement between them. As against this plaintiff all the conveyances were fraudulent and void. Rev. 1958, § 52-552; *Peerless Mfg. Co.* v. *Goehring,* 131 Conn. 93.

Judgment may enter against all defendants setting aside the conveyances described, as against the plaintiff, and for the plaintiff to recover of the defendant William R. Johnston $8983.59 damages.