The defendant was arrested on July 12, 1961. When arraigned, he elected trial by jury, subsequently changing his election to trial by the court. The cause was heard in August, 1961, and the defendant was adjudged guilty and sentenced. His appeal was finally argued March 20, 1962, and was decided June 8, 1962. The instant motion was filed August 20, 1962, and the hearing on the motion took place on September 12, 1962.
The courts have an inherent power to correct and modify judgments at the same term at which they are rendered. Ferguson v. Sabo, 115 Conn. 619, 621;McCulloch v. Pittsburgh Plate Glass Co., 107 Conn. 164, *Page 123 
167; Tyler v. Aspinwall, 73 Conn. 493, 497. Section 51-258 of the General Statutes states: "There shall be no terms of the circuit court and the court shall be deemed continuously in session."
Were § 51-258 not so general, the motion would be justified, because the "rule which denies a rehearing to a nondiligent litigant is not applied in cases where the State is interested for reasons of public policy." Fair v. Hartford Rubber Works Co.,95 Conn. 350, 356; In re Application of Title Guaranty Co., 109 Conn. 45, 55. Nonetheless, even in criminal cases it must be remembered that the function of courts is to settle controversies according to law. The object of settlement is secured by the principle of finality of judgments. Finis finem litibus imponit. The principle of finality is essential; but not more essential than the principle of justice. State v. Lee, 65 Conn. 265, 272; State v.Muolo, 118 Conn. 373, 381. It is, therefore, proper to consider the defendant's motion on its merits.
This is a motion to reopen judgment on the grounds of newly discovered evidence. The defendant alleges: "Unknown to the parties, during the course of these proceedings, the area in question was under study by the State Traffic Commission with a view to revision of speed limits. . . . During the course of Appellates proceedings, the State Traffic Commission completed its study and revised the speed limit in the area in question from 55 miles per hour to 60 miles per hour."
While the motion does not seek a new trial, the criteria regarding newly discovered evidence in such motions are applicable here: (a) that it was in fact newly discovered, (b) that it would be material to the issue, (c) that it could not have been discovered and produced on the former trial by the exercise of due diligence, (d) that it must not be *Page 124 
cumulative, and (e) that it must be sufficient to produce a different result on another trial, should the cause be determined solely upon the law and the evidence. Hamlin v. State, 48 Conn. 92, 93; Lester
v. State, 11 Conn. 415, 418. The motion does not set forth that the defendant's failure to discover this evidence was not due to his own neglect, nor is it alleged that he exercised due diligence to make such discovery before the former trial. See Jobbes
v. State, 125 Conn. 286, 289; Camp v. State Departmentof Health, 1 Conn. Sup. 83, 84.
The burden of proving that the newly discovered evidence, if offered, would probably bring about a different result is upon the defendant. State v.Goldberger, 118 Conn. 444, 457. The speed at which the defendant was proceeding was between seventy and seventy-four miles per hour. The speed limit in question at the time of the arrest was fifty-five miles per hour, and the defendant was exceeding that limit by some fifteen to nineteen miles per hour. The established limit, under § 14-219 of the General Statutes, is a reasonable speed. There is no allegation that the state traffic commission favorably considered a change of the speed limit at the time of the trial itself. It has not been determined at what point in the proceedings the study had been commenced. Had the speed limit been revised upward at the time of the trial, which was not the case here, the defendant's speed would still have been from ten to fourteen miles per hour in excess of the posted speed limit. The finding states: "The speed of 70 to 74 miles per hour at that time and place, under the existing conditions, for the distance traveled and for purpose stated by the defendant was an unreasonable speed." The new evidence could certainly not alter the result arrived at by the court in the former trial. Crook v. Clarke,124 Conn. 317, 319; State v. Gordon, 144 Conn. 399, 402. *Page 125 
The instant motion carries no prayer for relief other than that the judgment be reopened. There is no suggestion of modification of sentence. There is no request for a new trial. "Pleadings have their place in our system of jurisprudence. While they are not held to the strict and artificial standard that once prevailed, we still cling to the belief, even in these iconoclastic days, that no orderly administration of justice is possible without them." Malone
v. Steinberg, 138 Conn. 718, 721. It is well established as a principle of construction that everything shall be taken most strongly against the party pleading on the intendment that every person states his case as favorably for himself as possible. Gaylord
v. Payne, 4 Conn. 190, 194. No fact can be assumed in favor of the party pleading, except it be directly averred or arises by necessary inference.Griswold v. Mather, 5 Conn. 435, 438. Were the judgment to be reopened and no other judicial action taken, the case would remain in a limbo of unfinished action which would make Jarndyce v. Jarndyce
appear to be an example of speedy and summary justice. Interest reipublicae ut sit finis litium.Belknap v. Gleason, 11 Conn. 160, 164.
 For the reasons above stated, the motion should be and is denied.