MILL PLAINS HOMES, INC., ET AL. *v.* GREAT AMERICAN INSURANCE COMPANY

CIRCUIT COURT                                                       SECOND CIRCUIT
FILE NO. CV 2-6210-15743

Memorandum filed November 30, 1963

*Finkelstone, Finkelstone & Levy,* of Bridgeport, for the plaintiffs.

*Paul V. McNamara,* of Bridgeport, for the defendant.

HOLDEN, J. The writ and complaint in this action were dated October 9, 1962, and were returnable on the fifth Tuesday of October, 1962. A demurrer was sustained April 17, 1963 *(Toscano, J.)* and the plaintiff pleaded over. To this substitute complaint the defendant pleaded by motion to expunge, which motion was denied August 19, 1963 *(Levine, J.)*. Subsequently, the defendant demurred, which demurrer was overruled October 2, 1963 *(Daly, J.)*. Issue was joined October 11, 1963.

The defendant now moves that the cause be transferred to the Court of Common Pleas. The motion further states: "[T]he defendant represents that the matter in demand exceeds Two Hundred and Fifty Dollars ($250.00) and does not exceed Five Thousand Dollars ($5,000.00) and is within the jurisdiction of the Court of Common Pleas." The ad damnum of the complaint is $2000, a sum within the concurrent jurisdiction of this court and the Court of Common Pleas. There is no allegation in the complaint which brings the cause within the exclusive jurisdiction of the Court of Common Pleas.

The defendant bases its motion on the following language of Practice Book, 1963, § 874A, effective January 6, 1964: "Any cause may be transferred by agreement of the parties or order of the court . . . from the circuit court in any circuit to the court of common pleas in any county or judicial district, provided the complaint can be and, where necessary, is amended to bring the matter in demand within the jurisdiction of the court to which the cause is transferred." There is no agreement of the parties. There was no reason stated, either in the motion or by way of argument, which might compel or even justify the transfer requested. In effect, what the defendant seeks is a change of venue from one state court with jurisdiction over the parties and the subject matter to another state court which would have

the same jurisdiction were the case originally included upon its docket. The power to effect such a change rests in the sound discretion of the court. Yet this power is to be exercised with caution. *State v. Palko,* 122 Conn. 529, 537; *State v. Rocco,* 109 Conn. 571, 572.

The plaintiff has chosen his forum. Whether he did so wisely is academic, as long as he has done so legally. He is presumed to have intended the necessary consequences of his own act. *Miles v. Douglas,* 34 Conn. 393, 397; *Wynne v. Douglas,* 57 Conn. 73, 81; *Jenner v. Brooks,* 77 Conn. 384, 388; *Peerless Mfg. Co. v. Goehring,* 131 Conn. 93, 95; *D'Amato v. Weiss,* 141 Conn. 713, 718. The plaintiff, as well as the defendant, must be considered to have been aware of the concurrent jurisdiction of this court and the Court of Common Pleas, when the action was instituted. That which he has elected to do he should be permitted to do unless the interests of justice require it to be otherwise. There is no indication that they require it here.

It would be highly improper to transfer a cause from the comparatively current docket to the probably overloaded docket of another trial tribunal for no other reason than that the defendant might prefer that course to be taken. See *Holmquist v. Spinelli,* 17 Conn. Sup. 430, 431.

It is essential to the effective administration of justice that where a court is vested with jurisdiction over the subject matter and regularly obtains jurisdiction over the person it becomes its right and duty to determine every question which may arise in the cause. *Amato v. Erskine,* 100 Conn. 497, 499. This court has already been required by the defendant to determine questions raised by two demurrers and a motion to expunge. Sooner or later there will be a cessation of pleadings, and the cause will be tried.

Interest reipublicae ut sit finis litium. *Belknap* v. *Gleason*, 11 Conn. 160, 164; *State* v. *Kilpatrick*, 24 Conn. Sup. 122, 125. When that day occurs, the trial should be held in this court. It is the general rule that where the jurisdiction of courts is concurrent over a subject matter, that tribunal which is first in possession of it exercises its jurisdiction to the exclusion of all others. *Parsons* v. *Lyman*, 32 Conn. 566, 570.

Attention should also be directed to the fact that § 874A will not become effective until January 6, 1964. See 25 Conn. L.J., No. 19, p. 3 (Nov. 5, 1963).

For the reasons above stated, the defendant's motion to transfer should be and is denied.