[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PENDING MOTIONS.
The above-captioned case arises out of an April 14, 1991, fire that is alleged to have damaged plaintiff's business, and various contents, in Unionville, Connecticut. Defendant has refused to pay insurance claims arising out of the fire alleging as special defenses, among others, that the fire was set by or at the direction of plaintiff, Joseph Ancona, and that Joseph Ancona misrepresented and concealed material matters of fact relating to the insurance.
Presently pending before the court are numerous motions, which will now be addressed, following oral argument held today.
1. Plaintiff's Motion to Recuse.
Plaintiff has orally moved to have the undersigned judge, as well as the other judges in the court who were involved in pretrial discussions, recused from the case. Defendant objects to the motion. Despite the court's invitation that he do so, the plaintiff has failed to provide any authority for the proposition that recusal is required in a jury case solely because a judge engaged in pretrial settlement discussions. The motion is therefore denied.
2. Defendant's Motion for Sanctions dated May 13, 1994.
Citing Practice Book Section 220(D), defendant has moved to entirely exclude the testimony of Charles Harrison, disclosed by plaintiff as an "inventory loss" expert. Defendant's motion is based on the argument that plaintiff's disclosure fails to inform defendant what Mr. Harrison's opinion is or its basis.
Plaintiff contends that he has already made a sufficient disclosure by indicating that Mr. Harrison will testify regarding the value of the inventory lost based on his personal knowledge and experience in the business.
Defendant concedes that he never attempted to depose Mr. Harrison. CT Page 6148
In the court's view, plaintiff's disclosure was adequate to comply with the requirements of the Practice Book. The defendant's motion is therefore denied.
3. Defendant's Motion for Bifurcation dated May 13, 1994.
Defendant has moved pursuant to Practice Book Section 283 to bifurcate the trial so that the contractual and extra-contractual issues may be tried separately. Defendant claims that trying the issues together will confuse the jury, waste time, and eliminate possible prejudice to the defendant.
Plaintiff objects to this motion, in particular taking issue with defendant's claim that judicial economy would be served by bifurcation.
The court is not persuaded by defendant's arguments. The court has confidence the jury will understand the different issues presented and that instructions can be fashioned to eliminate any prejudice to defendant. Nor does the court believe that bifurcation would be an efficient use of judicial resources.
The motion is therefore denied.
4. Defendant's Motion In Limine Re: Absence of Arrest or Indictmentof the Plaintiff dated May 13, 1994.
Defendant has moved the court to prohibit testimony relating to the absence of the arrest or indictment of plaintiff on criminal charges relating to the April 14, 1991, fire. Relying on Judge Daly's decision in DiVicino v. Colonial Penn Insurance Co., CV No. 90-524, March 5, 1992, as well as decisions in Galbraith v.Hartford Fire Insurance Company, 464 F.2d 225 (3rd Cir. 1972), and American Home Assurance Co. v. Sunshine Supermarket, 753 F.2d 321
(3rd Cir. 1985), defendant argues, in essence, that lack of prosecution has limited probative value and would tend to confuse the issues. In response to the court's inquiries in open court on June 17, 1994, counsel for the defendant has represented that he intends to call no active law enforcement witnesses who will directly testify that Joseph Ancona was responsible for setting the fire or causing it to be set, although he does intend to call a fire marshall to testify that the subject fire was deliberately set. CT Page 6149
Plaintiff responds that it would be highly prejudicial to him if the jury is unable to determine whether criminal charges have been brought against him because the jury might "wrongly assume" that plaintiff has been arrested, is awaiting trial, or has been convicted.
The court finds defendant's arguments persuasive and plaintiff's arguments unavailing, and endorses the logic and result reached by the Court of Appeals for the Third Circuit in theHartford Fire Insurance Company and American Home Assurance Company
cases, and by Judge Daly in the DiVicino case. In DiVicino, Judge Daly approvingly cited the decision in Rabon, Jr. v. Great SouthwestFire Ins. Co., 818 F.2d 306, 309 (4th Cir. 1987), in which the court ruled that a trial court commits reversible error when it permits the plaintiff in a suit for fire insurance proceeds to present evidence of his nonprosecution or acquittal on related criminal arson charges. Stated the Rabon court:
 [t]he reasons for this rule are easy to appreciate. First, such evidence goes directly to the principal issue before the jury and is highly prejudicial. Second, a prosecutor's decision not to prosecute and a jury's decision to acquit in a criminal trial are based on different criteria than apply in a civil proceeding. In particular, a prosecutor's decision to nolle prosse
may take into account many factors irrelevant in a civil suit, such as the higher standard of proof required for criminal conviction. In any event, a prosecutor's opinion whether the insured started the fire is inadmissible since based on knowledge outside his personal experience.
As the cases cited by defendant point out, there are at least four interrelated reasons why evidence of nonprosecution and/or nonconviction ought to be excluded in cases such as the instant one. First, because of its limited probative value given the differing standards of proof in civil and criminal matters. Second, because a decision not to prosecute, in essence, represents an inadmissible opinion by a prosecutorial authority. Third, because of its tendency to confuse the jury. And fourth, because of the likelihood — conceded by plaintiff's counsel during oral argument on the motion — that permitting such evidence to be introduced may very well devolve into a "trial within a trial" in which the focus will become why the plaintiff was not prosecuted, distracting the jury's attention from the issues of the civil case. CT Page 6150
Plaintiff's argument that the jury may assume that plaintiff has or will be prosecuted provides no rationale for permitting the evidence of nonprosecution to be admitted at trial. The proper remedy for plaintiff's concern is an appropriate instruction from the court emphasizing that the case is a civil case and that jurors must avoid speculating about matters not introduced into evidence. The court invites both counsel to file with the court by 5 p. m. Monday, June 20, 1994, any suggested instruction relating to this issue which they would like to be delivered to the jury prior to the commencement of evidence or during the trial.
For the above stated reasons, defendant's motion in limine is granted to the extent that plaintiff is precluded from offering evidence at trial that he has not been charged, arrested, prosecuted, or convicted in connection with the alleged arson. Plaintiff's counsel is instructed to advise plaintiff, and all of plaintiff's witnesses, of this ruling. In the event defendant "opens the door" as to this issue during trial, this ruling will be reconsidered.
5-6. Defendant's May 24, 1994, Motion for Sanctions, andDefendant's May 24, 1994, Motion for Extension of Time to DiscloseExperts.
In the first of these two related motions, defendant seeks pursuant to Practice Book Section 231 an order precluding plaintiff from presenting any evidence relating to business interruption losses allegedly suffered as a consequence of the fire. Defendant claims that plaintiff has failed during discovery to disclose the basis for such business loss claims, despite repeated efforts by defendant to obtain the requested information. In the second motion, defendant requests that the court extend the time for it to disclose an expert relating to business interruption losses in the event the court permits plaintiff to present such evidence.
Defendant claims to have made good faith efforts to comply with all discovery requests but concedes that plaintiff's expert, Norman Letalien, was under personal stress during a deposition which affected the completeness of his responses to questions asked of him.
Pretrial discovery is not supposed to be a game of "blind man's bluff." Sturdivant v. Yale-New Haven Hospital, 2 Conn. App. 103
(1984). Defendant has made continuing, good faith efforts to obtain information relating to business interruption losses, CT Page 6151 claimed by plaintiff to be in excess of $100,000, and plaintiff has as of yet failed to provide it in full fashion.
It is the court's view that permitting Letalien to testify under the present circumstances would be unfair to defendant. It is also the court's view that totally precluding his testimony, would be unduly harsh.
Therefore, defendant's motion is granted to the extent that Letalien will not be permitted to testify until and unless he first submits to a deposition, to be arranged by counsel. Defendant's Motion for Sanctions is consequently granted in part, and denied in part.
Defendant's Motion for Extension of Time to Disclose Experts is granted. Defendant may disclose its expert on business interruption losses at any time prior to the commencement of the defense case.
7. Defendant's Motion In Limine- Re Character Evidence, dated Juno15, 1994.
During jury selection, plaintiff has indicated an intention to call various character witnesses during trial. Defendant has moved for a ruling that plaintiff be prohibited from introducing any evidence of character during the trial, arguing that such evidence may not be introduced for the purpose of establishing that plaintiff is not the sort of person would would set fire to his business and commit various acts of fraud. Defendant relies on the cases of Bosworth v. Bosworth, 131 Conn. 389 (1944), and Humphreyv. Humphrey, 7 Conn. 116 (1828) in support of its argument.
Plaintiff responds that defendant has put his character squarely in issue as a consequence of defendant's claims that he has engaged in fraudulent conduct and was responsible for setting the fire. Plaintiff claims it would be highly prejudicial for him not to be permitted to demonstrate his good character in light of defendant's allegations.
The general rule relating to the admissibility of character evidence in civil cases, and the rationale behind it, is stated inBosworth, at page 391, as follows:
 `In a civil action the character or reputation of a party is deemed by the law to be irrelevant CT Page 6152 in determining the merits of the controversy, although in the popular estimation few facts are as persuasive or potent as this one in weighing the claims of the respective participants in any transaction. In the eyes of the law, the inferences which might be drawn from evidence of character and reputation of the parties are too vague, uncertain and unreliable to be worthy of consideration in determining the merits, however just and reasonable such inferences may seem to the lay mind.' 1 Jones, Evidence (4th Ed.), Sec. 148. The `business of the court is to try the case and not the man.' Thompson v. Church, 1 Root 312; Humphrey v. Humphrey, 7 Conn. 116, 118.
Counsel for the defendant has indicated he will provide the court with copies of cases from other jurisdictions on this subject by Monday, June 20, providing copies of the cases to opposing counsel. The court will reserve decision on this motion to determine if evidence of character becomes a material issue in the case in light of the cases to be provided.
However, until the court definitively rules, plaintiff and defendant are both precluded from offering character evidence concerning any of the plaintiffs, or telling the jury in opening statements that character witnesses will be called to testify.
8. Defendant's Motion In Limine Re-Evidence of Other Properties andAssets of the Insured dated June 15, 1994.
Defendant also moves for an order prohibiting plaintiff from introducing or referring to evidence regarding other properties owned by the plaintiffs J.A. Realty and Joseph Ancona. Defendant argues that during pretrial discovery, plaintiff refused to disclose information concerning such other properties and that to permit evidence of such would be prejudicial to defendant. Defendant has provided the court with an excerpt of a deposition in support of its position.
Counsel for the plaintiff, who has recently entered an appearance in the case, has provided to defense counsel, and filed with the court, a list of properties purportedly owned by Joseph Ancona. Plaintiff's counsel argues that defendant has been aware of a number of these properties and has therefore not been substantially prejudiced. CT Page 6153
It would be unfair to defendant, under present circumstances, to permit plaintiff to introduce evidence of other properties when defendant has not previously been provided with such information and has been deprived of the meaningful opportunity to investigate these properties, particularly in light of Mr. Ancona's refusal to answer questions about them.
Consequently, it is the court's order that the motion is granted in part and denied in part insofar as it is the court's order that (1) during their direct case, in presenting evidence concerning plaintiffs' ownership interest in properties other than the premises damaged by the fire, plaintiffs will be limited to offering evidence and/or testimony about only such properties as are listed on the list entitled "Fixed Assets — Title Name: Joseph Ancona" and filed with the court on June 17, 1994; and that (2) no witness for the plaintiffs, including Joseph Ancona, will be permitted to testify about any of these other properties unless Joseph Ancona has first submitted to a deposition, to be arranged at a date agreed upon by counsel, which deposition shall be limited to inquiries relating to the properties on the list.
The court will reconsider this motion if plaintiff fails to appropriately cooperate in providing answers at any such deposition.
Douglas S. Lavine Judge, Superior Court