## CONNERS v. ROGERS et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1902. Decided Dec. 27, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

1161. TENANTS AND TENANCY—Lessee in full control and possession of premises, owes duty to third persons coming thereon in course of business, or upon invitation, express or implied, to exercise ordinary care to

keep premises in reasonably safe condition, and will be liable for negligence which was proximate cause of injury and damage, irrespective of whose duty it was to make repairs as between landlord and tenant.

829. NEGLIGENCE—396. Directed Verdicts—By motion to direct verdict only question of law is presented, and if there is some evidence tending to prove defendant guilty of negligence in failing to repair steps, such negligence was direct and proximate cause of injury, and no presumption of contributory negligence arises from evidence, court cannot direct verdict for defendant because of evidence to contrary. Question of contributory negligence or defendant's negligence and of proximate cause, are for jury.

Error to Common Pleas.

Judgment reversed.

H. A. Kesler, Toledo, for Conners.

Mulholland & Hartman, Toledo, for Rogers.

### FULL TEXT.

WILLIAMS, J.

The plaintiff below, Patrick J. Conners, sustained injuries while delivering ice to the Fulton Market, which was operated by the defendants below, Judson G. Rogers and Charles W. Rogers. At the conclusion of plaintiff's evidence the court instructed the jury to return a verdict in favor of the defendants. A verdict was returned accordingly and judgment entered thereon. The plaintiff in error brings this proceeding in error and seeks a reversal of such judgment.

A stipulation was made at the beginning of the trial by which the parties agreed that the defendants occupied the premises in question under a written lease dated November 5, 1924. The evidence discloses that the premises had in fact been occupied by the defendants as a butcher shop for about twenty years prior to the time of the trial. Plaintiff sustained his injuries September 25, 1926. The plaintiff offered evidence tending to prove that about 3:30 o'clock in the afternoon of the day in question he went to the Fulton Market to deliver some ice in company with Harry T. Williams, both of whom were employes of The Citizens Ice Company; that he was carrying in the last piece of ice, which weighed 150 or 200 pounds, and as he stepped on the step in question it broke loose from the building and his foot went through it, causing the ice he was carring to slide down his back and strike and injure his instep; that the step was rotten and that that was the first time he had delivered ice to the premises and that he knew nothing about the condition of the step.

It is well settled that a lessee in full control and possession of the premises owes a duty to third persons coming on the premises in the course of business, or upon lessee's invitation, express or implied, to exercise ordinary care to keep the premises in a reasonably safe condition, and the lessee will be liable for negligence in failing to keep the premises in repair, which was the proximate cause of the injury and damage, irrespective of whose duty it was to make repairs, as between landlord and tenant.

16 R. C. L., p. 1095, Sec. 613; 36 C. J., p. 245, Sec. 961.

There was evidence tending to show that defendants were in full possession and control of the premises and that they were guilty of negligence in permitting the step in question to become rotten, and there was also evidence tending to show that such negligence was the sole, direct and proximate cause of plaintiff's injury.

The record shows that the plaintiff called Harry T. Williams as a witness and that he testified, in substance, that the plaintiff was a new man at ice handling and that he had told him not to carry a cake of ice weighing 200 pounds as it was too much for a beginner; that in violation of his order, plaintiff brought in the cake of ice, and that he was in no condition to carry it, and that he staggered, and the block of ice hit the door sill and knocked it out of place, causing the ice to fall and injure plaintiff's foot.

Although called by the plaintiff, Williams was essentially a witness for the defendant. By the motion to direct a verdict only a question of law was presented and if there was some evidence tending to prove that the defendant was guilty of negligence in failing to repair the step and such negligence was the direct and proximate cause of the injury, and no presumption of contributory negligence arose from the evidence, the court could not direct a verdict for the defendant because of evidence to the contrary. If the evidence gave rise to a presumption of contributory negligence, and there was no evidence to overcome that presumption, then the court properly directed a verdict for the defendant. Buell, Admx. v. New York Central Railroad Co., 114 Ohio St., 40.

Plaintiff testified that he was perfectly sober and in a normal physical condition. While the record does not disclose that he denied that he was ordered not to carry a 200-pound cake, or that he was asked about or testified on that subject, it does appear from the evidence that it is common for experienced men working for The Citizens Ice Company to carry in, as plaintiff did, cakes weighing 200 pounds. As there was evidence tending to show that the step broke because it was rotten and would not bear the weight, and not because the defendant was unable to carry the ice, this court can not say as a matter of law that the plaintiff was guilty of contributory negligence, even though he violated the orders of Williams in bringing in the cake of ice. Plaintiff's action was not brought against his employer, and his own testimony tended to show that his injury was caused solely and directly by the defendants' negligence.

The questions of contributory negligence, of defendants' negligence and of proximate cause were for a jury.

The court erred in directing a verdict for the defendants. The judgment will be reversed and the cause remanded for a new trial.

(Richards and Lloyd, JJ., concur.)