HELEN RESTAINO ET AL., PLAINTIFFS-APPELLANTS, v. GRIGGS MOTOR SALES, INCORPORATED, DEFENDANT-RESPONDENT.

Submitted May 4, 1937—Decided July 23, 1937.

Before Justices LLOYD, CASE and DONGES.

For the appellants, *Pellegrino J. Pellecchia, Jr.,* and *Frank Cozzoline.*

For the respondent, *Hugh F. Doherty.*

The opinion of the court was delivered by

DONGES, J.   Plaintiffs brought suits in the District Court to recover for personal injuries alleged to have been sustained by them from the breaking of a large plate glass window, which formed part of the front of the building occupied by the defendant.   It appeared that as plaintiffs were walking on the sidewalk in front of the building, the glass fell out upon and injured them.   The cases were tried together and the court found for the defendant, holding that it did not appear that defendant, under the lease of the premises, had control of the windows; that the plate glass window was part of the structure excepted by the terms of the lease from the duty of repair by the defendant; and that, therefore, no duty being imposed upon defendant with respect to the window, the doctrine of *res ipsa loquitur* did not apply and that no negligence of defendant was shown.   From the judgment entered this appeal is taken.

The uncontroverted facts are that defendant was the lessee in possession of the whole of the premises in question; that on the day in question a plate glass show window in front of the premises broke and injured plaintiffs as they were lawfully walking upon the sidewalk; that there was a wind, varying from twenty-five to forty-five miles per hour; that they were heavy winds, but not extraordinary winds and were not of hurricane velocity which would require wind with a velocity of seventy miles per hour or over; that no other windows in the neighborhood were broken.   It was testified that the landlord knew of no injury or repairs to this or other windows in the building.   The defendant relies upon the following clause in the lease:

"The tenant does hereby covenant to make all necessary repairs to the interior of the demised premises, during the term of this lease, including all plumbing, painting, store

maintenance and the replacing of all broken glass, except showroom plate glass. Should said repairs become necessary because of structural defects, they shall be made by the landlord."

Whether this provision imposed the duty of maintenance and repair of the window in question upon the landlord, it is not necessary to decide.

In *McKeown* v. *King,* 99 *N. J. L.* 251, it was held, in discussing the question of liability of a tenant, when the landlord agreed to maintain the exterior of the demised premises:

"This provision of the lease fixes the obligations and duties between the landlord and tenant, but no provision of a lease can absolve a tenant as against a third person from the tenant's duty to maintain a sidewalk in front of the demised premises in a reasonably safe condition. 'A tenant or occupant of premises owes a duty to third persons resorting thereto in the course of business, or upon his invitation, express or implied, to keep the premises in a reasonably safe condition, regardless of the question as to whose duty, as between landlord and tenant, it is to make repair thereon.' 24 *Cyc., tit., "Landlord and Tenant,"* 1125, and cases cited.

"Chief Justice Shaw, of Massachusetts, said in the case of *City of Lowell* v. *Spaulding,* 4 *Cush.* 277: 'By the common law the occupier, and not the landlord, is bound, as between himself and the public, so far to keep buildings in repair they may be safe for the public; and such occupier is *prima facie* liable to third persons for damages arising from any defect. If, indeed, there be an express agreement between landlord and tenant that the former shall keep the premises in repair so that in case of a recovery against the tenant he would have his remedy over, then, to avoid circuity of action, the party injured by the defect and want of repair may have his action in the first instance against the landlord."

It is settled in this state that the duty of a tenant of premises toward persons lawfully using them is to use the care of an ordinarily prudent person to keep the premises in a reasonably safe condition.

In this state of the law, we conclude that it was error for

the trial judge to refuse to pass upon the facts. He held there was no evidence of any duty imposed upon the defendant and that the maxim *res ipsa loquitur,* for that reason, had no application. The tenant being under a duty to use reasonable care to keep the premises in a reasonably safe condition, in the state of the proofs in this case, the doctrine of *res ipsa loquitur* was applicable, and it was incumbent upon the court, sitting as the trier of facts, as well as judge, to pass upon the factual situation. *Hughes* v. *Atlantic City, &c., Railroad Co.,* 85 *N. J. L.* 212; *Soriero* v. *Pennsylvania Railroad Co.,* 86 *Id.* 642.

The judgments will be reversed, and the cases remanded for a new trial. Costs to abide the event of the suits.