## Mary Smith et al. *v.* The Housing Authority of the City of Waterbury

Inglis, C. J., O'Sullivan, Daly, Troland and Covello, Js.

Argued October 3—decided October 30, 1956

*William J. Secor, Jr.,* with whom, on the brief, was *John H. Cassidy, Jr.,* for the appellant (defendant).

*Francis B. Feeley,* with whom was *Emmet P. Nichols,* for the appellee (named plaintiff).

O'SULLIVAN, J. Mary Smith and William Smith brought this action against the defendant. Subsequently, William died, and it was agreed that the case might be tried as if Mary were the sole plaintiff. The trial was to the jury, who returned a plaintiff's verdict. Thereafter the defendant filed two motions, one to set the verdict aside and the other for judgment notwithstanding the verdict. Both were denied by the court, and the defendant has appealed from the judgment then rendered.

Assignments of error are addressed to the denial of the two motions referred to. Contrary to the former practice, which required an appellant to file a transcript of evidence when he claimed error in the denial of a motion to set the verdict aside (Rev. 1930, § 5692), the present practice gives him alternative methods to pursue. The rule now permits an appellant to state in his brief the claim that the court erred in refusing to set aside the verdict and then to print no evidence or to print all relevant evidence. Practice Book § 447. In the case at bar the defendant chose not to print all relevant evidence. It thereupon devolved on the plaintiff, if she wished to justify the court's denial of the motions, to file an appendix incorporating, preferably in narrative form, all the evidence on which she relied. Instead of taking this affirmative action, she filed no appendix, thus leaving the record devoid of any evidence to sustain the verdict. See *Firszt* v. *Kalinowski,* 109 Conn.

732, 144 A. 894; *McCann* v. *McGuire,* 83 Conn. 445, 448, 76 A. 1003; Maltbie, Conn. App. Proc., § 115. It follows that, on technical grounds, error must be found in the denial of the motions, and for this reason alone a new trial must be ordered. There is, however, another reason requiring that action.

The complaint was in two counts, but we may ignore the second count. The first alleged that on July 7, 1953, the defendant was operating a housing project in Waterbury and the plaintiff, as a tenant, was occupying one of the many apartments of the project; that a part of her apartment consisted of a rear porch, which was under the control of the defendant; that the plaintiff, while walking on the porch, was injured when the flooring gave way; and that this was due to the negligence of the defendant in failing to repair a defective condition of which it actually or constructively knew, and in failing to warn the plaintiff of the inherent danger. So far as the issues created by the complaint and answer are concerned, the plaintiff's claims of proof were designed to prove the foregoing allegations and no others.

The court, nevertheless, charged that if certain facts were established by the evidence, the jury might return a verdict for the plaintiff in either of two situations; one would be where they found that the defendant had retained within its exclusive control the repairing of the floor of the back porch, and the other, where they found that the defendant had voluntarily assumed the repairing of the defective condition, to which its attention had been called. The defendant excepted to the submission of the latter issue to the jury, contending that the case had been neither pleaded nor tried on that theory.

If a charge is to withstand attack, it must be

adapted to the issues, correct in law and sufficient for the guidance of the jury. *Castaldo* v. *D'Eramo*, 140 Conn. 88, 94, 98 A.2d 664. An examination of the complaint, when viewed in the light of the claims of proof made by the plaintiff, reveals nothing to support recovery on the theory under discussion. It follows that the court, in submitting to the jury an issue which was not in the case, committed harmful error. Maltbie, Conn. App. Proc., § 57. A plaintiff may not recover upon a cause not alleged or claimed. *Boiselle* v. *Rogoff*, 126 Conn. 635, 640, 13 A.2d 753; *Berman* v. *Kling*, 81 Conn. 403, 406, 71 A. 507.

We refer briefly to another claim which might arise on a new trial. Our reference merely recites what we have said in other cases. "Ordinarily, where there is no agreement to repair, the landlord is not liable for defective conditions within a tenement he has rented; but if he retains control of any part of the building, with that control goes the duty to take reasonable care to keep that portion reasonably safe. Liability in such cases does not depend primarily upon the portion of the building in which the defective condition occurs but on the fact that the owner has retained control." *Fogarty* v. *M. J. Beuchler & Son, Inc.*, 124 Conn. 325, 331, 199 A. 550. A landlord may, with the acquiescence of the tenant, so retain control over portions of the premises within a tenement that he will be responsible for their proper care. *Shegda* v. *Hartford-Connecticut Trust Co.*, 131 Conn. 186, 189, 38 A.2d 668. In the case at bar, if the defendant reserved control over the rear porch, liability might be imposed if reasonable care to make the repairs after notice was not exercised by it. It is claimed that there was evidence before the jury of an agreement between the parties that the

landlord had the right to inspect the premises and the exclusive right to make repairs therein, and that the tenant would refrain from making any repairs at all. As a matter of law, an agreement of that nature would be the equivalent of retention by the landlord of control of the leased premises for the purpose of making repairs.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.