LOUIS MESSIER, ADMINISTRATOR (ESTATE OF JEAN L. MESSIER) *v.* GREGORY ZANGLIS ET AL.

THOMAS M. KELLEY, ADMINISTRATOR (ESTATE OF RICHARD A. KELLEY) *v.* GREGORY ZANGLIS ET AL.

O'SULLIVAN, C. J., BALDWIN, WYNNE, DALY and KING, JS.

Argued June 6—decided July 2, 1957

*J. Ronald Regnier,* with whom were *William R. Moller* and, on the brief, *George E. Merwin,* for the appellants (plaintiffs).

*John E. Shields,* with whom, on the brief, were *Harry E. Back, Jr.,* and *Bradley Bates,* for the appellees (defendants).

BALDWIN, J. The plaintiffs, administrators, respectively, of the estates of Jean L. Messier and Richard A. Kelley, have appealed from the judgments rendered upon the denial of their motions to set aside the verdicts in favor of the defendants. The plaintiffs assign error in the denial of their motions and in the charge to the jury.

The claims of proof made by the plaintiffs may be stated in summary as follows: Their decedents, Jean Messier, aged nineteen, and Richard Kelley, aged seventeen, were walking northerly along the easterly side of Maple Street, also known as Lake Road, a public highway in Killingly, about 11:15 o'clock in the evening of September 25, 1954. At the place where the decedents were walking, Maple Street is a black-top macadam road, seventeen and one-half feet wide, without shoulders, and substantially level. The highway was posted to indicate a maximum speed not in excess of thirty miles per hour. Rain had been falling, but there was no fog or heavy rain to impair the vision of the operator of a motor vehicle driving with reasonable care. The defendant Gregory Zanglis, aged twenty-four, was driving a 1938 Buick owned by the defendant John Kertennis along Maple Street in a northerly direction toward the Wildwood Restaurant at Alexander's Lake, about one-half a mile north of the place where the decedents were walking. Zanglis ran down the decedents, dragging or throwing the body of Messier 62 feet and the body of Kelley 139 feet, and fatally injuring both. When Zanglis first obtained a motor vehicle operator's license in 1950, the license was issued under a restriction requiring him to wear glasses, but he was not wearing glasses when the accident occurred. The injuries and deaths of the decedents were caused by Zanglis' negligence.

The defendants' claims of proof may be stated briefly as follows: Zanglis was operating Kertennis' car, as the agent of the latter, northerly on Maple Street. At the scene of the accident trees line the westerly side of the highway, and a dwelling house located on a plot of land level with the roadway stands on the easterly side. There were no street lights, and the dwelling house was in darkness. It had been raining hard and the roadway was wet. A light drizzle was still falling, and the fog and mist in the darkness made visibility poor. The decedents had attended a party and had consumed enough alcoholic beverage to be intoxicated. They were wearing dark clothing. When struck by the car, they were walking northerly on the easterly side of the road and indulging in what is commonly called horseplay. Their backs were turned toward the traffic coming from the south. As the defendants' car approached the decedents, an automobile driven by David Turner was coming from the opposite direction. Turner saw the decedents when he was thirty feet north of them. At this time the defendants' car was forty to forty-five feet south of the decedents. Zanglis, blinded by the lights of the approaching car and the poor visibility, did not see either of the decedents until after his car struck them. He was not required to wear glasses by any restriction in his motor vehicle operator's license. The decedents were guilty of contributory negligence. As pedestrians they were using the highway negligently and in disregard of their own safety in violation of General Statutes § 8513. The defendants were not negligent.

We shall consider first the errors claimed in the charge. The plaintiffs assert that the court erred in instructing the jury that the defendant Zanglis

had a right to assume that other users of the highway would obey the law. The plaintiffs argue that the defect in that charge was the court's failure to apply the second essential element of the rule, to wit, that Zanglis could rely on such an assumption only until he knew, or in the exercise of reasonable care should have known, that it had become unwarranted. This is the law. *Gross* v. *Boston, W. & N.Y. St. Ry. Co.*, 117 Conn. 589, 596, 169 A. 613; *Mastorgi* v. *Valley View Farms, Inc.*, 138 Conn. 313, 316, 83 A.2d 919. The charge on this feature of the case, when read in its entirety, is not open to the plaintiffs' criticism. Preceding the passage which the plaintiffs complain of, the court had twice instructed the jury that the user of a highway may assume that others using it will exercise reasonable care until the contrary appears or would have appeared to a reasonably prudent person under the same circumstances. The court then went on to explain what reasonable care required of the respective parties under the circumstances by stating that "[e]ach party is bound to a reasonable use of his faculties, to look out as the ordinarily prudent person in like circumstances. He is bound by what he ought reasonably to have seen or known just as much as by what he did actually see or know." The plaintiffs in their brief appear to concede the correctness of this portion of the charge. They argue, however, that in the later part of the charge, when the court stated the rule of assumption of due care in others, it failed to tell the jury that the driver was under "a duty to make sufficient observations and keep a proper lookout to ascertain when the assumption of lawful obeyance has become unwarranted." This contention exacts a refinement which was unnecessary for the proper guidance of the jury. In the particular pas-

sage questioned, the court charged that the assumption of due care in others could govern the conduct of a traveler upon the highway "unless the contrary is known to him or should be known in the exercise of due care." Having previously properly and adequately explained the rule of reasonable care as it applied to the respective parties, the court was not required to reiterate it in this specific connection. Maltbie, Conn. App. Proc. (2d Ed.) § 80. Nor did the plaintiffs file any request to charge on this narrow point. Their claim is without merit.

The plaintiffs also allege error in the charge because the court, in its last comment relating to the subject of contributory negligence, failed to restate that such negligence, in order to prevent recovery, must have been a substantial factor in causing the injury. In a brief summation preceding a discussion of the question of damages the court made this statement: "If you should find that the driver of this automobile was negligent in at least one or more of the ways specified in the plaintiffs' complaints and that such negligence was a substantial factor in producing the injuries and resulting deaths and that the decedents themselves were not negligent in at least one or more of the ways specified in the special defenses made by these defendants—that the decedents themselves were not guilty of contributory negligence—then you will come to the question of damages in these cases." The court had previously charged at length, specifically and correctly, on the question of proximate cause. It had carefully explained the phrase "contributory negligence" as it applied to the facts of the case. The use of that phrase in the brief summary quoted above, without a restatement of the law relating to proximate cause, could not have been understood otherwise by the

jury than to convey the meaning and import given the phrase when it was previously defined for them by the court. *Yorker* v. *Girard Co.*, 126 Conn. 96, 100, 9 A.2d 501; *Huber* v. *H. R. Douglas, Inc.*, 94 Conn. 167, 182, 108 A. 727; Maltbie, Conn. App. Proc. (2d Ed.) § 80. Furthermore, the verdicts were general, and if there was error in the charge on one of two distinct defenses, the verdicts can be sustained if there was no error as to the other. *Meglio* v. *Comeau*, 137 Conn. 551, 553, 79 A.2d 187; *Delfino* v. *Warners Motor Express*, 142 Conn. 301, 305, 114 A.2d 205.

The plaintiffs, as appellants, have not printed an appendix to their brief containing the evidence to be considered in connection with their claims of error in the denial of the motions to set aside the verdicts. They rely upon the finding. The purpose of a finding in a jury case is to test rulings made during the trial and errors claimed in the charge. The court's action on a motion to set aside the verdict, where, as here, the claim is made that the verdict is not supported by the evidence, is tested by the evidence. *State* v. *Mendill*, 141 Conn. 360, 361, 106 A.2d 178; Maltbie, op. cit., pp. 199, 225. Under § 447 of the Practice Book, the plaintiffs could print no evidence or all the relevant evidence. *Smith* v. *Housing Authority*, 144 Conn. 13, 14, 127 A.2d 45. They adopted the former course, leaving to the defendants the task of printing the evidence which they deemed to be relevant. An examination of the defendants' appendix discloses ample support for the verdicts.

There is no error.

In this opinion the other judges concurred.