GERTRUDE ROGERS *v.* GREAT ATLANTIC AND PACIFIC TEA COMPANY

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued December 7, 1960—decided January 24, 1961

*Irwin I. Krug,* for the appellant (plaintiff).

*Donald B. Caldwell,* with whom, on the brief, was *Donald C. Fisk,* for the appellee (defendant).

BALDWIN, C. J.  This is an action to recover damages for injuries suffered by the plaintiff in a fall. The parties stipulated that the plaintiff's damages were in the amount of $1500.  The subordinate facts found by the trial court are not challenged.  The plaintiff was walking on a private concrete walk adjacent to a building occupied by the defendant as a supermarket, in Willimantic, when she stumbled and fell because of a hole in the walk.  She was going into the market to make some purchases and was on the walk regularly used by people going to the market.  The hole was clearly a defect, and the defendant had known of it for more than a sufficient length of time to have repaired it.  The defendant was on the premises under a lease which, in addition to leasing a building occupied as a market, gave to the defendant and its customers the exclusive use of a parking area alongside the building.  The walk was within this area.  The trial court concluded that the walk was defective, that the defect was the proximate cause of the plaintiff's fall and consequent injuries, and that she was not contributorily negligent. It construed the lease as one in which the lessor expressly retained control of the outside portions of

the premises, including the walk, and concluded that it was not the defendant's duty to repair the walk and, therefore, that the defendant was not liable.

A landlord may retain control over a portion of the leased premises and thereby be responsible for their proper care. *Shegda* v. *Hartford-Connecticut Trust Co.,* 131 Conn. 186, 189, 38 A.2d 668, and cases cited therein; *Smith* v. *Housing Authority,* 144 Conn. 13, 16, 127 A.2d 45. We can consult the memorandum of the trial court for a better understanding of the rationale of the decision of the case. *Rogers* v. *Kinnie,* 134 Conn. 58, 61, 54 A.2d 487; Maltbie, Conn. App. Proc. § 152. It appears from the memorandum that the decision turned on the question of control of the walk. The lease was received in evidence and was made a part of the finding. It is, therefore, before us. The construction of this lease presented a question of law for the court. *Libero* v. *Lumbermens Mutual Casualty Co.,* 143 Conn. 269, 274, 121 A.2d 622, and cases cited.

The lease describes the demised premises as comprising store premises measuring 60 feet by 125 feet "together with the exclusive use by the A & P and its customers of parking area at the east side of store, measuring approximately 20,000 square feet with entrance on Valley Street . . . ." A rider attached to the lease, and executed on the same date, contains this provision: "It is agreed that the Lessee's rights and interest under the within lease include that of using all available outside wall and roof space for the purpose of advertising its own and allied products, such rights to include the erection of suitable advertising signs and billboards when necessary. It is fully agreed and understood as a part of this covenant that the Lessee is to assume only such degree of control of the outside part

of the premises so used, as is necessary for the installation and maintenance of said signs or billboards. The Lessor is understood to retain and remain in possession and control of said outside portions of the premises for all other purposes and in connection with determining his liability to third persons for any and all injuries which may result from defects, failure to repair." This is the provision which the trial court construed as retaining in the lessor control of the outside portions of the premises, including the walk. The "control" referred to in the provisions quoted pertains to the building's outside walls and roof, used by the defendant for advertising purposes and the erection of advertising signs and billboards. The roof and the walls are "the outside part of the premises" referred to in the provision as "so used" and over which the defendant had only that degree of control necessary for the installation and maintenance of such advertising signs and billboards as it might erect. The roof and the walls are the "said outside portions of the premises" over which the lessor retained possession and control for all other purposes. The language of the lease neither expressly nor by implication retains control in the lessor of the parking area and walk, the exclusive use of which is given to the defendant and its customers.

Another clause of the lease reads as follows: "The Lessor further agrees to make any repairs or alterations that may be necessary to eliminate any structural defects, hidden or obvious, in these premises during the term of this lease and any of its extensions." The finding is that the lessor had made repairs to the walk prior to the time when the plaintiff fell. That he did make repairs does not indicate that he retained control but reflects only his understand-

ing that he was obligated to do so by the covenant for repairs in the lease. Such a covenant would not relieve the defendant of its duty to use reasonable care. *King* v. *Cooney-Eckstein Co.,* 66 Fla. 246, 249, 63 So. 659; *Robertson* v. *Liggett Drug Co.,* 81 Ga. App. 850, 854, 60 S.E.2d 268; *Restaino* v. *Grigg's Motor Sales, Inc.,* 118 N.J.L. 442, 444, 193 A. 543; *Conners* v. *Rogers,* 29 Ohio App. 513, 515, 163 N.E. 918; *Wilkens* v. *Western States Grocery Co.,* 167 Ore. 103, 112, 114 P.2d 542; 32 Am. Jur. 698, § 819; 52 C.J.S. 112. By virtue of the lease, the defendant was in possession and had the exclusive use of the walk where the plaintiff fell. It owed the plaintiff, a business visitor, the duty of exercising reasonable care to keep in a reasonably safe condition the portions of the premises to which it had invited the plaintiff as a customer. *Feir* v. *Hartford,* 141 Conn. 459, 463, 106 A.2d 723; *Hall* v. *Great Atlantic & Pacific Tea Co.,* 115 Conn. 698, 699, 160 A. 302; *Geoghegan* v. *G. Fox & Co.,* 104 Conn. 129, 135, 132 A. 408. We are not here concerned with the liability of the lessor, because he is not a party. See *Smith* v. *Housing Authority,* 144 Conn. 13, 16, 127 A.2d 45. Nor do we need to decide whether the defendant would have been absolved from liability had the lessor retained control of the walk. The court erred in not rendering judgment for the plaintiff.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff to recover $1500.

In this opinion the other judges concurred.