[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant moves for summary judgment against the plaintiff, Cheryl Sloan, on grounds that the defendant was not in possession or control of the area where the plaintiff alleges she slipped and fell.
On December 27, 1993, the plaintiff, Cheryl Sloan, filed a single count complaint sounding in negligence against the defendant United Technologies Corp. The plaintiff alleges that the defendant lessor is liable for the injuries the plaintiff sustained on or about December 9, 1991, because the defendant lessor was the "owner and/or in possession and control of the premises and building at Aircraft Rd. in Middletown, Connecticut."
ARA, Services, Inc., as an intervening plaintiff, filed an intervening complaint dated May 17, 1994, against the defendant, United Technologies, Corp. seeking reimbursement of workers' compensation benefits paid to Cheryl Sloan.
On June 9, 1995, the defendant lessor filed a motion for summary judgment on the ground that it was not in control of the premises where the plaintiff claims to have been injured. In support thereof, the defendant lessor filed a memorandum of CT Page 8402 law, a copy of the Management Operating Agreement in effect between the defendant and its lessee, ARA Services, Inc., an affidavit of Susan Panella, defendant counsel's mail clerk and request for admissions filed upon the plaintiff. Additionally, the defendant filed the intervening plaintiff, ARA Services, Inc.'s compliance to request for admissions. The plaintiff has failed to file any documents in opposition to the motion.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Barrett v. Danbury Hospital, 232 Conn. 242,250, ___ A.2d ___. (1995). "`In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to decide whether any such issues exist.'" Dolnack v. Metro-North Commuter Railroad Co.,33 Conn. App. 832, 838, 639 A.2d 530 (1994), quoting Telescov. Telesco, 187 Conn. 715, 718, 447 A.2d 752 (1982).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such disputed issue. Mere assertions of fact. . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment] . . . ." (Citations omitted.) Barrett v. Danbury Hospital, supra, 232 Conn. 255. "The test is whether a party would be entitled to a directed verdict on the same facts." Haesche v. Kissner, 229 Conn. 213,217, 640 A.2d 89 (1994). "A directed verdict is justified if on the evidence the jury could not reasonably and legally have reached any other conclusion." Gore v.People's Savings Bank, 35 Conn. App. 126, 129, 644 A.2d 945
(1994).
"When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit CT Page 8403 or as otherwise provided by § 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Catz v.Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986). "[D]espite the prescription of § 380 that the adverse party . . . shall file opposing affidavits, . . . failure to do so [is] not [always] fatal under the circumstances." (Internal quotation marks omitted.) Pepe v. New Britain, 203 Conn. 281, 287,524 A.2d 629 (1987). Failure to file opposing affidavits in a summary judgment proceeding was found not to be fatal when "[t]here is no reason to suppose that . . . [the nonmovant] had personal knowledge of any of the facts . . . ." Pepe v.New Britain, supra, 203 Conn. 287, n4. "The inference which may ordinarily be drawn from the failure of a party to file an opposing affidavit is not warranted where the other party is the only person having knowledge of the particular facts involved." Nolan v. Borkowski, 206 Conn. 495, 504,538 A.2d 1031 (1988).
In its memorandum in support of its motion for summary judgment, the defendant argues that in order for it to be liable to the plaintiff, it must have had exclusive possession or control of the premises where the plaintiff claims to have been injured. "The common law of the State of Connecticut has generally upheld the proposition that the possession and control of the land, not its ownership, determine liability for any injuries incurred because of defects on the land."Fountain v. D'Addario Industries, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 261424 (December 19, 1991, Spear, J.), citing Farlow v. AndrewsCorp., 154 Conn. 220, 225, 224 A.2d 546 (1966); see also Mackv. Clinch, 166 Conn. 295, 296, 348 A.2d 669 (1974).
"Normally when land is leased to a tenant, the law of property regards the lease as the equivalent of a sale of the premises for the term of the lease. See W. Page Keeton,Prosser and Keeton on the Law of Torts, 63 at 434 (5th ed.). Consequently, once possession has been transferred, the landlord ceases to be liable either to persons injured on the land or for activities which the tenant carries on the land. . . . Id., see Smith v. Housing Authority, 144 Conn. 13, 16
(1956) (possession or control of premises is the legal basis for liability); see also Fleming, James, Jr., Tort Risks ofLand Ownership: How Affected by Lease or Sale, 28 Conn. Bar. CT Page 8404 J. 127 (1954) (the duty of care to make or keep premises safe generally rests upon the person who has occupancy or possession of the premises)." Capitol Idea v. Sciarra,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 512497 (October 24, 1994, Sheldon, J.).
"In the absence of a statute or covenant to the contrary, the lessor does not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the lessee. Thomas v. Roper, 162 Conn. 343, 348,294 A.2d 321 (1972). Where such a statute or covenant does exist, however, the landlord may retain control over and/or the duty to repair or maintain certain parts of the leased premises. See, e.g. Pollack v. Gampel, 163 Conn. 462, 468,313 A.2d 73 (1972) (where landlord retains control of portion of leased premises, landlord must use reasonable care to keep that portion of the premises in a reasonably safe condition). . . ." Lazarin v. Shawmut Bank of Connecticut, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 52 28 75 (July 12, 1994, Hennessey, J.) "It is a familiar rule that the landlord is under a duty to use reasonable care to keep those parts of his building which are under his control in a reasonably safe condition. . ." (Citations omitted.) McCrorey v. Heilpern, 170 Conn. 220,221, 365 A.2d 1057 (1976). "The word `control' has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee and maintain."Panaroni v. Johnson, 158 Conn. 92, 98, 256 A.2d 246 (1969).
In the present case, the defendant has submitted evidence that it was not in possession or control of the subject area. Since the plaintiff has failed to file any opposing documents, the court relies exclusively on the documentary evidence submitted by the movant. The Management Operating Agreement between the defendant and Szabo Food Services, Inc., (which was assigned to ARA Services, Inc. prior to December 9, 1991), contains the following pertinent section:
C. Sanitation
 Szabo will be responsible, as a direct cost of operation, for routine cleaning and housekeeping in the food preparation, service, and storage areas. Szabo will also be responsible for the cleaning of CT Page 8405 tabletops and chair surfaces and the sweeping, waxing, and buffing of floors within the manual food service dining areas. Company [United Technologies Corp. ] will be responsible for all cleaning of walls, windows, ceilings and light fixtures, and all other furniture and furnishings within the dining areas.
Thus under the agreement, the tenant assumed full responsibility for the maintenance of the food preparation area ARA Services, Inc. has admitted in its compliance to request for admissions (Request No. 3) that the walk-in refrigerator is located in the food preparation area. The agreement, therefore, is evidence of ARA Services, Inc.'s duty to maintain the refrigerator floor area. The defendant has further demonstrated that ARA Services, Inc. was in possession and control of the premises where the plaintiff claims to have been injured to the exclusion of the defendant. In its compliance to request for admissions, ARA Services, Inc. admits the following:
 2. On the date and time of the accident alleged in the complaint, ARA Services was in possession and control of the entire cafeteria area referred to in the plaintiff's Complaint. . . .
 3. The place where the plaintiff allegedly fell was in a walkin refrigerator, in the food preparation area of said cafeteria. . . .
 4. The walkin refrigerator area where the plaintiff allegedly fell was maintained by ARA Services at the time of the incident. . . .
 6. The refrigerator area where the plaintiff allegedly fell was under the control of Services on the date and time of the incident alleged by the plaintiff in her Complaint.
(ARA Service, Inc.'s compliance to Request to Admissions, p. 1-2). These admissions indicate that ARA Services, Inc. was in possession and control and maintained the refrigerator area where the incident allegedly occurred.
The defendant also submitted requests for admissions CT Page 8406 directed at the plaintiff, Cheryl Sloan. The plaintiff failed to respond to the requests for admission certified to her counsel on October 4, 1994. Where no objections are filed within thirty days to requests for admission, the "requests [are] deemed to have been admitted. Practice Book § 239."Orenstein v. Old Buckingham Corp., 205 Conn. 572, 576,534 A.2d 1172 (1987). Therefore, the plaintiff also admits that ARA Services was in possession and control of the refrigerator area.
No genuine issue of material fact exists regarding who had a duty to maintain the refrigerator area of the subject premises or who was in possession and control. The terms of the agreement state that that duty rests with ARA Services. Both sets of admissions state that ARA Services had possession and control of the subject area at the time the incident allegedly occurred. Additionally, no genuine issue of material fact exists regarding where the plaintiff slipped, fell and sustained injuries. Accordingly, the defendant's motion for summary judgment is granted.
Mary R. Hennessey, Judge