[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By way of a five-count Revised Amended Complaint, the plaintiff, Denise Farina, alleges negligence on the part of the defendants, Orchard Hill Market, Josephine Ann Mastro,[1]
Joseph Barbato, Joseph Bartlett and Peter Dodge in maintaining a certain defective premises. Farina alleges that as a result of the unsafe premises, she fell and sustained various injuries.
The defendant, Sam Mastro Family Trust ("Trust"), now moves for summary judgment on the ground that because the leases between the Trust and its lessees obligated the lessees to repair and maintain the premises, the Trust did not retain control and therefore can not be found liable as a matter of law. The Trust has attached copies of the leases in support of its motion.
Farina has filed a memorandum in opposition and in support has submitted copies of the leases along with deposition testimony of Marc Vincent, a co-trustee of the Trust. The Trust also filed a response to Farina's objection, attaching a copy of deposition testimony of Ann Talbot, owner and operator of the defendant Orchard Hill Market.
The determination of whether a lessor has retained control over the leased premises is a question of fact, "[u]nless it is definitely expressed in the lease." Panaroni v. Johnson,158 Conn. 92, 98, 256 A.2d 246 (1969). Leases are contracts and construed according to contract law. Amwax Corporation v.Chadwick, 28 Conn. App. 739, 741, 612 A.2d 127 (1992). "[W]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a CT Page 8696 question of law." Gateway v. DiNoia, 232 Conn. 223, 229,654 A.2d 342 (1995). Moreover, while the determination of negligence is generally one of fact and ill-suited for summary judgment, the "issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 660, 691 A.2d 1107 (1997).
Connecticut follows the common-law view that unless the landlord retains control of a portion of the demised premises, the "landlord is under no obligation or liability the tenant for personal injuries due to the defective condition of the demised premises the lack of repair of defects therein in the absence of an agreement, express or implied to the contrary." Pollack v.Gampel, 163 Conn. 462, 468, 313 A.2d 73 (1972).,
The Connecticut Supreme Court addressed the issue of control in Panaroni v. Johnson, supra, 158 Conn. 92. The court held that "an agreement between the parties as to the landlord's right to inspect the premises together with his exclusive right to make repairs therein and the tenant's total abstention from making any repairs would be the equivalent of retention of control of the leased premises." (Emphasis added.) Id., 98. See also Jackson v.Stop Shop Supermarket, Superior Court, judicial district of Litchfield, Docket No. 062946 (April 18, 1995, Walsh, J.) (holding that absent evidence that the lessee in fact exercised control over the pathway where the plaintiff was injured, mere reliance on language in the lease granting tenant the option to assume maintenance obligations was insufficient to create a genuine issue of material fact); Charest v. Burger KingCorporation, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 395749 (March 3, 1993, Aurigemma, J.) (holding that absent evidence that the lessor did in fact make repairs to the premises, reliance on language in the lease permitting the lessor to enter the premises to make repairs in the event that the tenant failed to do so was insufficient to create a genuine issue of fact).
Similarly, in Smith v. Housing Authority, 144 Conn. 13, 17,127 A.2d 45 (1956), the court held that "there was evidence before the jury of an agreement between the parties that the landlord had the right to inspect the premises and the exclusive right to make repairs therein, and that the tenant would refrain from making any repairs at all. As a matter of law, an agreement of that nature would be the equivalent of retention by the CT Page 8697 landlord of control of the leased premises for the purpose of making repairs."
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. The movant has the burden of demonstrating the absence of any genuine issue of material fact.Thompson and Peck, Inc. v. Division Drywall, Inc., 241 Conn. 370,374, ___ A.2d ___ (1997). "[T]he party opposing such a motion [however] must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Id.
The Trust argues in its memorandum in support of its motion for summary judgment that because the leases in effect expressly obligate the lessees to maintain the lawns and parking areas and to make all repairs,[2] the Trust as lessor has not retained control over the premises. The Trust further argues that because Farina was injured while crossing a grassy area on the perimeter of the parking lot which, according to the terms of the lease was under the control of the lessees, the Trust cannot be found liable as a matter of law. Finally the Trust has presented deposition testimony of one of it's lessees, Ann Talbot, owner and operator of the defendant Orchard Hill Market, which states that her husband mowed the lawns and maintained the outdoor premises.
Farina argues that a question of fact exists as to whether the Trust retained control and summary judgment should therefore be denied. Farina has presented evidence demonstrating that agents of the Trust inspected the portion of the leased premises where she was injured and that the lease granted the Trust the right to inspect the premises and approve alterations. Farina therefore submits that this is sufficient to generate an issue of material fact regarding the Trust's "control" over the defective area of the premises.
The Connecticut Supreme Court has suggested that the mere right to inspect, absent evidence that the defendant undertook repairs, is insufficient to create a genuine issue of material fact. Panaroni v. Johnson, supra, 158 Conn. 98; Smith v. HousingAuthority, supra, 144 Conn. 17. CT Page 8698
This court is satisfied that the leases at issue expressly obligate the lessee to maintain the lawns and parking areas and to make all repairs and therefore the court finds that the Trust has satisfied its burden of showing the absence of a genuine issue of material fact regarding the issue of control of the alleged defective premises.
The Trust has met it's burden of dispelling any issue of material fact with respect to the lessee's obligation to make repairs, and Farina has failed to raise a genuine issue of material fact, and therefore the court grants the motion for summary judgment on the ground that the Trust did not owe a duty to Farina and cannot be found liable as a matter of law.
Howard F. Zoarski Judge Trial Referee