The defendants, Mark Summers, Jaime Summers, Norah Gadomski, and Bernard Gadomski, move for summary judgment in this personal injury suit filed by the plaintiff, Alba Guadalupe. The complaint consists of four parallel counts of negligence, each count pertaining to a separate defendant, and alleging liability for maintaining unsafe premises.
Summary judgment shall be granted if the pleadings, affidavits, and other proof submitted demonstrates that there exists no genuine dispute as to material facts and that the movant is entitled to judgment as a matter of law, Practice Book § 17-49.
An examination of the pleadings, admissions, affidavits, and other material submitted in conjunction with the motion discloses that there is no dispute that the plaintiff was, on February 21, 1997, an employee of Elm Hill Manor, Inc. (Elm Hill) and that Elm Hill was leasing the entire premises, known as 37 Elm Street, Rockville, from the defendants on that date.
The plaintiff claims in her complaint that the defendants, as owners of 37 Elm Street, are liable for injuries she sustained when she tripped and fell while attempting to descend an interior stairway located at the rear of the building occupied by her employer.
The defendants contend that, because the entire building and premises was demised to Elm Hill and because the plaintiff was an employee of the tenant, they, as owners, incur no liability arising from any defective condition of the stairs. The court agrees.
The touchstone of liability for unsafe premises is control over the area of danger which causes injury, Smith v. Housing Authority,144 Conn. 13, 16 (1956); Chambers v. Lowe, 117 Conn. 624, 628 (1933). Generally, a landlord has no liability for premises entirely demised to a tenant, Lewis v. Kasimer, 153 Conn. 13, 17 (1965). This freedom from responsibility includes stairways used as access to and egress from a building on property entirely occupied by a tenant, Id.
Of course, a landlord may retain control over a portion of a leased building and, thereby, also retain responsibility for the care of that portion retained, Rogers v. Atlantic Pacific Tea Co., 148 Conn. 104, 106
(1961). "Control" means de facto control and is not restricted to those with formal title or holders of contractual right to possession. Statev. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 184 (1987). To exercise control over an area is "to have authority to manage, direct, CT Page 14985-bd superintend, restrict or regulate," Kirby v. Zlotnick, 160 Conn. 341,344 (1971).
The court concludes that there is no genuine factual dispute regarding control over the stairway in question. No documentary or other proof was submitted by the plaintiff to rebut complete transfer of control from the defendants to Elm Hill, the tenant. The relevant language of the lease agreement states that the tenant is given the right "to occupy, possess and enjoy said premises during the term [of the lease], without hindrance or molestation from [the defendants]. An affidavit from Norah Gadomski, president of Elm Hill, avers that these interior stairs were under the control of Elm Hill who had, in 1996, made repairs to the stairs without any participation by the landlords.
The plaintiff's claim that these defendants retained control of the stairway is solely based on a provision in the lease agreement which requires the tenant to seek the landlords' written approval for proposed alterations to the premises by the tenant. This language is insufficient to constitute "control" over the stairway. The clause merely affords the landlords the right to approve alterations contemplated by the tenant. The provision fails to permit the landlords to make repairs or even inspect the premises or give them the power to order Elm Hill to make repairs.
Even if such a clause did confer upon a landlord the responsibility to enter the premises to make repairs, such responsibility to make repairs alone is not a retention of control sufficient to invoke liability in negligence, as opposed to liability for breach of the agreement to repair, Lewis v. Kasimer, supra, 17. Additionally, such an agreement requires that the landlord receive notice of the need to repair before liability attaches. Id., 18. There is no evidence nor even a claim by the plaintiff that Elm Hill or anyone else gave the defendants notice of the need to repair the purportedly dangerous stairway.
Thus, the general rule absolving landlords from defective premises liability for property entirely demised to the tenant applies to the undisputed facts of this case. An exception to this general rule of nonliability exists, however, known as the public use exception. The plaintiff argues that a factual dispute exists as to whether that exception may create liability for her injuries. The court disagrees.
Our Supreme Court "repudiated" the general rule of nonresponsibility of a landlord for the condition of demised premises as to injuries suffered by members of the public who are invited by the tenant to use the CT Page 14985-be premises. Webel v. Yale University, 125 Conn. 515, 519 (1939). In that case, however, our Supreme Court expressly reserved decision as to whether that public use exception ought to be extended to injuries to employees of the tenant, Id., 522.
The parties' and the court's research discloses no appellate level decision on this point. Trial courts have held that no expansion of the public use exception to cover employees of the lessee is warranted. InCastelvestro v. Mills, Superior Court, New Haven J.D., dn. CV 91-320396,19 Conn.L.Rptr. 172 (February 5, 1997), Judge Corradino held that no policy reasons exist to merit enlargement of the exception to the general rule of nonliability. This court concurs in the reasoning of Castelvestrov. Mills, supra.
Members of the public invited by the tenant onto the leased property are unlikely to be familiar with the conditions existing thereon. On the other hand, employees of the tenant are likely to be familiar with such conditions. Employees will likely be compensated for work-related injury under workers' compensation provisions, whereas members of the public may not have recourse to such compensation. Further abrogation of the common law principle of nonliability is unwarranted.
As a matter of law, then, the defendants, as landlords of property entirely demised to Elm Hill, are not liable for injuries suffered by an employee of Elm Hill as a result of a defective stairway on this demised property. The motion for summary judgment is granted.
SFERRAZZA, J.