[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#107)
The plaintiff, Christopher Connelly, brings this action seeking damages for injuries he sustained when he fell from a ladder. The plaintiff filed a one count complaint sounding in negligence against the defendant, Bridge Haven Realty, LLC, the owner of the premises where the plaintiff CT Page 13442 alleges he was injured. The gravamen of the complaint is that at the time of the incident, the defendant either retained control or shares of control over the area of the premises where the plaintiff was injured, and, therefore, it had a duty to maintain the premises. The defendant now moves for summary judgment pursuant to Practice Book § 17-44, et seq.
The following facts are undisputed and taken from the complaint, the parties' briefs, and supporting documents: The plaintiff was employed by Bridge Haven Ford Truck Sales, Inc. (Bridge Haven Ford). On April 1, 2000, during the course of his employment, the plaintiff fell from a ladder while performing maintenance work on premises Bridge Haven Ford leased from the defendant. The subject premises was leased to Bridge Haven Ford pursuant to a triple net lease (the lease agreement). The lease agreement was executed on November 30, 1999, and was in effect at the time of the incident.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact (Citations omitted; internal quotation marks omitted.) Barrett v. DanburyHospital, 232 Conn. 242, 255, 654 A.2d 748 (1995). The existence of a genuine issue of material fact must be demonstrated by counter-affidavits and concrete evidence. Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554-55, 707 A.2d 15 (1998).
The defendant moves for summary judgment on the ground that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. The defendant argues that pursuant to the terms of the lease agreement, it did not possess, control, exercise maintenance or repair over the premises where the plaintiff was injured, therefore, it "did not CT Page 13443 have a duty to maintain the premises and cannot be charged with negligence related to the plaintiff's claimed injuries." (Defendant's Memorandum, p. 2.) The defendant has attached a sworn, signed affidavit from Peter Parente, an owner of the defendant corporation and vice president of Bridge Haven Ford (Exhibit A), and a certified copy of the lease agreement (Exhibit B).
The plaintiff objects to the defendant's motion, arguing that a genuine issue of material fact exists regarding the control over, and occupancy of, the leased premises. The plaintiff also argues that, notwithstanding the lease agreement, General Statutes § 47a-7 requires a landlord to maintain all structural, plumbing, security, heating and ventilating to the leased facility. In support of his objection, the plaintiff submits a memorandum of law, an uncertified copy of what is alleged to be "corporate documents filed with the Secretary of State"; (Plaintiff's Memorandum, p. 5.) (Exhibit A); and an uncertified copy of a page taken from the lease agreement (Exhibit B).
In reply, the defendant argues that the plaintiff has failed to set forth any evidence demonstrating the existence of a genuine issue of material fact because the plaintiff has not submitted affidavits or properly certified documents in support of his objection to the defendant's motion for summary judgment. Additionally, the defendant argues, and the court agrees, that General Statutes § 47a-7, upon which the plaintiff relies, is inapplicable to the present case. Section47a-7 applies to premises used for residential, not commercial, purposes. Johnson v. Fuller, 190 Conn. 552, 558, 461 A.2d 988 (1983).
The court finds that the plaintiff has failed to meet his burden in establishing the existence of a genuine issue of material fact because he has not filed any opposing affidavits or admissible documentation to support his objection. The court need only resolve whether the defendant was in control and possession of the subject premises on the day the plaintiff was injured, and, therefore, owed the plaintiff a duty of care.
"[L]iability can be predicated upon negligence in the control and possession of premises, as opposed to mere ownership thereof." Mack v.Clinch, 166 Conn. 295, 296, 348 A.2d 669 (1974). "[A]s a matter of common law, although landlords owe a duty of reasonable care as to those parts of the property over which they have retained control, landlords generally [do] not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the tenant." (Internal quotation marks omitted.) Gore v. People's SavingsBank, 235 Conn. 360, 374, 665 A.2d 1341 (1995).
Control is ordinarily a question of fact. Skuzinski v. Bouchard Fuels,CT Page 13444Inc., 240 Conn. 694, 704, 694 A.2d 788 (1997). However, if the issue of control of the premises is definitely expressed in the lease," the terms of the lease agreement will control. Panaroni v. Johnson, 158 Conn. 92,98, 256 A.2d 246 (1969). "Responsibility for the proper care over portions of the premises within the leased area may rest with the lessor if, with the acquiescence of the lessee, he retains control, and an agreement between the parties as to the landlord's right to inspect the premises together with his exclusive right to make repairs therein and the tenant's total abstention from making any repairs would be the equivalent of retention of control of the leased premises." Id.
The following provisions of the lease agreement are relevant:
 Section 10.1 — Maintenance of Leased Premises. Tenant shall, at its sole cost and expense, operate, manage, equip, light, repair and maintain the Leased Premises in a reasonable manner for their intended purposes and provide for the reasonable removal of snow and ice from parking areas and driveways. . . . Landlord shall not be liable for any inconvenience or interruption of business or other consequences resulting from the making of repairs, replacements, improvements, alterations or additions or from the doing of any work, by or at the direction of Landlord, to or upon the Leased Premises, or from delay or failure to perform such maintenance, snow removal or other work with respect to the Leased Premises.
 Section 11.1 — Entry by Landlord. The Tenant will permit the Landlord and/or its authorized representatives to enter the Leased Premises at all reasonable times after reasonable notice (except in the event of emergency in which event notice shall not be required) for the following purposes: (1) inspecting the same; (2) performing any repairs therein that may be necessary by reason of the Tenant's failure to make any such repairs or perform any such work or to commence the same after written notice from the Landlord. . . . Nothing herein shall be deemed or construed as a duty upon the part of the Landlord to do any such repairs upon the Tenant's default in failing to perform the same. Landlord agrees to use all commercially reasonable efforts to exercise its right of entry hereunder at times which are mutually agreeable to Landlord and Tenant.
CT Page 13445
The court finds that the language of the lease agreement is clear and unambiguous. The lease agreement supports the defendant's argument that Bridge Haven Ford, the lessee, was in exclusive possession and control of the subject premises at the time the plaintiff was injured. The defendant's right to inspect the premises, absent evidence of an agreement between the parties that the defendant had "the exclusive right to make repairs [of the leased premises], and that [Bridge Haven Ford] would refrain from making any repairs at all," is not "the equivalent of retention by the [defendant] of control of the leased premises for the purpose of making repairs." Smith v. Housing Authority of Waterbury,144 Conn. 13, 16-17, 127 A.2d 45 (1956). The defendant, therefore, did not owe a duty to the plaintiff and cannot be found liable as a matter of law.
For the reasons set forth above, the defendant's motion for summary judgement is granted.
By the Court,
Kevin B Booth Judge of the Superior Court